**Rule 2004 Subpoena**

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re MOOCHO, Inc.
     Debtor

Case No. 26-10911-CLC

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: JPMorgan Chase Bank, N.A., Attn: Legal Department or Officer, Manager, or General Agent, National Subpoena Processing, Mail Code LA2-7300, 1414 Woodward Ave., Ruston, LA 71270-2015
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| To be determined | To be determined |

The examination will be recorded by this method: _____

☒   *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE Baker & Hostetler LLP<br> 200 S. Orange Avenue<br> Suite 2300<br> Orlando, FL 32801<br> OR VIA EMAIL: mvanderweide@bakerlaw.com &<br>jparrish@bakerlaw.com & jhoffman@bakerlaw.com | DATE AND TIME<br><br>February 23, 2026 at 5:00 p.m. |
|---|---|

*(Description of documents, electronically stored information, or objects)*
See attached Schedule A.

  The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 30, 2026
    CLERK OF COURT
            OR

_____   */s/ Jimmy D. Parrish*_____
 *Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Blackhawk Network Inc., who issues or requests this subpoena, are: Jimmy D. Parrish, Esq., Baker & Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Orlando, FL 32801, (407) 540-7920, jparrish@bakerlaw.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

1.    "Blackhawk" shall mean Blackhawk Network Inc. and, where relevant, its directors, officers, employees, and representatives.

2.    "Moocho, Inc.," "You," or "Your" means Debtor, Moocho, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3.    The terms "and" as well as "or" as used herein shall be read and applied interchangeably and shall be construed disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information.

4.    The terms "any" or "all" shall mean "each and every" as well as "anyone and everyone." The singular includes the plural and the plural includes the singular. The present tense includes the past and future tenses. Words in feminine, masculine, or neuter form shall include each of the other genders.

5.    "Communication" or "Communications" shall mean and include all inquiries, discussions, conversations, interviews, negotiations, agreements, correspondence, letters, cablegrams, mailgrams, telegrams, telexes, cables, electronically transmitted messages (e.g., "e-mail," text messages, instant messaging, App or website-based messages, or voice mail messages), postings on Internet bulletin boards, or other forms of written, verbal or electronic intercourse, however transmitted.

6.    The term "concerning" shall be read and applied interchangeably with and broadly

mean discussing, supporting, describing, consisting of, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

7.      The term "Document" means any book, paper, record, information, or other data or data compilations, whether written, typed, printed, electronically stored, recorded, or graphic of any kind or description, including originals, non-identical copies, and drafts, and includes all materials within the scope of Federal Rules of Bankruptcy Procedure Rule 2004. Electronically stored information (ESI) may be generated or stored in several locations, including social media platforms, devices connected to the Internet of Things (IoT), workplace collaboration tools (WCTs), and ephemeral messaging applications. The term "Document" refers to any document now or at any time in the possession, custody, or control of the producing party, and includes related and relevant metadata for all electronically stored information (ESI)/ESI, including but not limited to information about the document's author, creation date, revision dates, tracked changes, and electronic comments.

8.      "ESI" shall mean information created, manipulated, communicated, stored, or utilized in digital or electronic form.  ESI includes, without limitation, data stored on or in computer servers, computer hard drives, computer desktops, laptops, handheld or tablet computers, portable digital media, backup media, CD-ROMs, DVD-ROMs, floppy disks, non-volatile memory including flash memory devices, external hard drives, personal digital assistants (such as Palm, iPhone, or Blackberry devices), cell phones, electronic voicemail systems, text messages, instant messages, e-mails and attachments to e-mails, Internet websites, Internet bulletin boards, social networking posts, social networking applications, or any device or medium capable of

storing data in any format.

9.      A person is deemed in "control" of a document if the person has any ownership, possession, or custody of the document, or the right or ability to secure a document or a copy thereof from any person or public or private entity having physical possession thereof.

10.      A reference to a person includes an individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust, association or any other form of public, private, or legal entity and includes all of that person's principals, employees, agents, officers, directors, attorneys, consultants, and other representatives.

11.      The terms "include" and "including" shall each be interpreted in every instance as being illustrative of the information requested, shall be read as meaning "including, but not limited to," and shall not be interpreted to exclude any information otherwise within the scope of these Requests.

12.      "Requests" shall mean the numbered requests (and each of them a "Request") for production of all documents, electronically stored information, and tangible things set forth below in this Schedule A.

## INSTRUCTIONS

1.      You must make a diligent search of any and all Documents that are (i) in Your possession, custody or control, or (ii) in the possession, custody or control of present or former agents, attorneys, consultants, advisors, representatives, and all other Persons acting or purporting to act on Your behalf, or (iii) otherwise available to You, and furnish all Documents and/or information available to You or subject to Your reasonable inquiry.

2.      Each Request shall be construed according to its own terms in accordance with these Definitions and Instructions.  Although there may be some overlap, no Request should be

understood to limit any other.

3.      All terms defined herein shall have the meaning ascribed in the Definitions, regardless of whether such term is capitalized.

4.      A Request for a Document shall be deemed a Request for any non-identical copies or drafts of such Documents, as well as all transmittal sheets, cover letters, exhibits, enclosures, appendices or attachments to the Document, in addition to the Document itself.

5.      If any portion of any Document is responsive to any Request(s), the entire Document, including the attachments, disclosures, and/or exhibits must be produced.

6.      No attached Documents should be separated from each other.

7.      The fact that a Document is possessed or produced by another party does not relieve You of Your obligation to produce a copy of the same Document, even if two Documents are identical in all respects.

8.      The response to each of these Requests shall first set forth verbatim the Request to which it is responding.

9.      To the extent that You deem or consider any Request to be ambiguous, You should set forth the matter deemed ambiguous and the construction You adopted to respond to the Request.

10.      If it is not possible to produce any Document called for by the Request, or if You object to any individual Request in whole or in part, state specifically Your objection(s) or the reason(s) for failure to produce the Document.

11.      If You object to any of the Requests herein, whether in whole or in part, on the grounds that information sought therein is subject to a claim of attorney-client privilege, work-product immunity, or other privilege or immunity, produce as much of the subject Document as to

which no claim of privilege or immunity is made.  With respect to Documents or portions of Documents for which a claim of privilege or immunity is made, state the following:

(a)     the type and nature of the Document or Communication;

(b)     the date of the Document;

(c)     the Person(s) to whom such Document or Communication was made, including persons copied or blind copied on the Document, or the Person(s) present during the Communication;

(d)     the Person(s) who authored or created or sent the Document or the Person(s) who made the Communication; general subject matter of the Document or Communication in a manner sufficient to support the privilege, immunity or protection claimed;

(e)     the nature of the privilege, immunity or protection asserted, the Person(s) asserting the privilege, immunity or protection, and/or the specific reason why the Document is not being produced; and

(f)     the same information referenced in (a)-(f) above for each enclosure or attachment to each listed Document if the enclosure or attachment is also withheld from production.

12.     For any responsive Documents stored in electronic format, including email, You shall produce those Documents in searchable electronic format (i.e., single-page .tiff format with corresponding OCR or full-text files) through a file transfer protocol website, portable or external hard drives, or through some other widely used electronic or optical storage media.  All Microsoft Excel Documents, PowerPoint Documents, video, audio, and database-type files (e.g., Microsoft Access) shall be produced in native format, and Defendants reserve the right to seek production of additional Documents or categories of Documents in native format.  Each native file should be

named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field. All responsive electronically stored Documents shall be produced with a delimited database load file that contains all available metadata fields. An .opt image cross-reference file will also be provided for all .tiff images. Your production of electronically stored Documents must include, at a minimum, sufficient metadata to convey where items begin and end (including attachments), the original file name and location, and the original timestamps and attributes, including the following metadata fields: "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH," "to," "from," "cc," "bcc," "subject," "custodian," "date and time sent," "date and time received," "creation date and time," "last modified," "location," "file path," and "MD5HASH." Timestamp metadata should reflect the time zone and the time in the time zone of the custodian from whom the Document was collected. In the event Defendants agree that search terms may be used to collect any portion of the Documents, You must, before collecting from any location containing Documents with renderable text that may not be text-searchable (e.g., non-OCR'ed PDF files), run an OCR protocol on that location. When converting any electronically stored Document from its native format into its production format: (a) All tracked changes shall be retained in the manner in which they existed when the file was collected; (b) OLE Embedded files shall not be extracted as separate Documents; (c) author comments shall be retained in the manner in which they existed when the file was collected; (d) hidden columns and rows shall be retained in the manner in which they existed when the file was collected; (e) presenter notes shall be retained in the manner in which they existed when the file was collected; and (f) auto-populated fields shall be replaced with descriptive text for the item.

13. To the extent Documents in a foreign language are produced, processing of such

Documents shall be Unicode-compliant.

14.     All Documents should be produced as they are maintained in the ordinary course of business, including in the sequence in which they are ordinarily maintained, or shall be organized and labeled to correspond to the specific Request(s) to which they are responsive.  All Documents shall be produced in their entirety, including with any attachments, exhibits, and/or enclosures.  All electronically stored Documents shall be produced pursuant to Instructions 12 and 13 above and You should otherwise ensure that all data associated with those Documents— including metadata, sequence, original file location, and attached or embedded objects—are preserved and produced.  All hard copies of Documents shall be produced in the original file folders, boxes, or other containers or binders in which such items are found, including the title, labels, or other description of each such folder, box, or other container, or attach a copy of the Documents to copies of the file folders from which they came.  The integrity and internal sequence of the requested Documents within each folder shall not be disturbed or commingled with the contents of another folder.

15.     An objection or claim of privilege or immunity directed to part of a Request does not constitute an excuse for failure to respond to the parts of a Request for which no objection or claim of privilege or immunity is made.

16.     If any Document responsive to these Requests has been lost, destroyed, or otherwise disposed of, such Document is to be identified as completely as possible, including the following information: contents; author(s); recipient(s); sender(s); copied recipient(s) (indicated or blind); date prepared or received; date of disposal (approximate, if precise date is not known); manner of disposition; Person(s) currently in possession of the Document; and Person(s) disposing of the Document.

17.     Documents not otherwise responsive to these Requests should be produced if such materials mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such materials are attached to, enclosed with, or embedded in Documents that are responsive to these Requests.

18.     Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Florida Rules of Civil Procedure.

## RELEVANT TIME PERIOD

1.     Unless otherwise stated in any specific Request, the relevant time period for these Requests shall be from January 27, 2021 through the present ("Relevant Time Period") and shall include all Documents and Communications which relate in whole or in part to such period, or to events or circumstances during the Relevant Time Period, even though dated, prepared, generated, or received prior to the Relevant Time Period.

## REQUESTS

1.     All account statements for any accounts (including but not limited to checking, savings, money market, certificates of deposit, retirement, trust, or investment accounts) in the name of Moocho, individually or jointly, or for which Moocho is an authorized signatory, during the Relevant Time Period.

2.     A complete spreadsheet or electronic report listing all transactions for each account associated with Moocho during the Relevant Time Period, including dates, amounts, payees, and running balances.

3.     All documents identifying the account numbers, account holders, authorized signatories, and account balances for any accounts held at your institution in the name of Moocho, individually or jointly, or for which Moocho is an authorized signatory.

4. All account opening documents, including signature cards, account agreements, and identification provided for any account in the name of Moocho or for which Moocho is an authorized signatory.

5. All wire transfer records, deposit slips, withdrawal slips, and cashier's checks involving any account associated with Moocho during the Relevant Time Period.

6. All loan applications, credit applications, or other financial statements submitted by or on behalf of Moocho to your institution during the Relevant Time Period.

7. All safe deposit box rental agreements, access logs, and contents inventories for any safe deposit box to which Moocho has or had access or control during the Relevant Time Period.

8. All documents relating to the purchase, sale, or transfer of any securities, bonds, or other investment products by or on behalf of Moocho during the Relevant Time Period.

9. All documents reflecting the source of funds for any deposits into any account associated with Moocho during the Relevant Time Period.

10. All documents relating to any trust accounts, fiduciary accounts, or escrow accounts for which Moocho is a beneficiary, trustee, or has any interest or authority.

11. All documents identifying any credit cards, lines of credit, or loans issued to or guaranteed by Moocho, including current balances and payment histories.

12. All documents identifying any cancelled wire transfers from Moocho to Blackhawk.