**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                        Case No. 26-10911-CLC
                                                               Chapter 11

MOOCHO, Inc.

_____/

### NOTICE OF RULE 2004 EXAMINATION

☐   ***Testimony:*** Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, Blackhawk Network, Inc., by the undersigned attorney, will examine Moocho, Inc. under oath on TO BE DETERMINED at TO BE DETERMINED at TO BE DETERMINED. The examination will be conducted TO BE DETERMINED. The examination may continue from day to day until completed.

☒   ***Production***: Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, Blackhawk Network, Inc. requests that **Debtor, Moocho, Inc.** produce the documents, electronically stored information, or objects described on the attached schedule (or if the examination is of a witness other than the debtor, on the attached subpoena), who must permit inspection, copying, testing, or sampling of the materials on **February 23, 2026** at **5:00 p.m.**, at **Baker & Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Orlando, FL 32801**.[1]

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

---

[1] Please contact us to arrange for the electronic delivery of the requested documents or to obtain our Federal Express billing number for delivery of hard copies of the requested documents. Alternatively, we can provide you with a delivery point within 100 miles of the deponent's residence or place of employment. To make the foregoing arrangements, please email paralegal, Lisa Vander Weide at mvanderweide@bakerlaw.com.

Dated: January 30, 2026

**BAKER & HOSTETLER LLP**

/s/ *Danielle L. Merola*
**Jimmy D. Parrish, Esq.**
FL Bar No.: 0526401
E-mail: jparrish@bakerlaw.com
**Danielle L. Merola, Esq.**
FL Bar No.: 120120
E-mail: dmerola@bakerlaw.com
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 540-7920
Facsimile: (407) 841-0168

*Counsel for Blackhawk Network, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 30, 2026, a true and correct copy of the foregoing has been served through the CM/ECF system to all registered CM/ECF recipients, via e-mail to Debtor's counsel, and will additionally be served via U.S. first class mail, postage prepaid, on February 2, 2026, to the following parties: (a) the Office of the United States Trustee for the Southern District of Florida, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130; (b) the Debtor, MOOCHO, Inc., 32158 Camino Capistrano, Suite A, PMB 321, San Juan Capistrano, CA 92765; and (c) Debtor's counsel, Thomas G. Zeichman, Esq., 2385 Executive Center Dr., Suite 250, Boca Raton, FL 33431.

/s/ *Danielle L. Merola*
Danielle L. Merola

## SCHEDULE A

## DEFINITIONS

1. "Blackhawk" shall mean Blackhawk Network Inc. and, where relevant, its directors, officers, employees, and representatives.

2. "Moocho," "You," or "Your" means Moocho, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3. "Moocho Account" means any bank account, brokerage account, credit card account, or other financial account.

4. The terms "and" as well as "or" as used herein shall be read and applied interchangeably and shall be construed disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information.

5. The terms "any" or "all" shall mean "each and every" as well as "anyone and everyone." The singular includes the plural and the plural includes the singular. The present tense includes the past and future tenses. Words in feminine, masculine, or neuter form shall include each of the other genders.

6. "Communication" or "Communications" shall mean and include all inquiries, discussions, conversations, interviews, negotiations, agreements, correspondence, letters, cablegrams, mailgrams, telegrams, telexes, cables, electronically transmitted messages (e.g., "e-mail," text messages, instant messaging, App or website-based messages, or voice mail messages), postings on Internet bulletin boards, or other forms of written, verbal or electronic

intercourse, however transmitted.

7.      The term "concerning" shall be read and applied interchangeably with and broadly mean discussing, supporting, describing, consisting of, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

8.      The term "Document" means any book, paper, record, information, or other data or data compilations, whether written, typed, printed, electronically stored, recorded, or graphic of any kind or description, including originals, non-identical copies, and drafts, and includes all materials within the scope of Federal Rules of Bankruptcy Procedure Rule 2004. Electronically stored information (ESI) may be generated or stored in several locations, including social media platforms, devices connected to the Internet of Things (IoT), workplace collaboration tools (WCTs), and ephemeral messaging applications. The term "Document" refers to any document now or at any time in the possession, custody, or control of the producing party, and includes related and relevant metadata for all electronically stored information (ESI)/ESI, including but not limited to information about the document's author, creation date, revision dates, tracked changes, and electronic comments.

9.      "ESI" shall mean information created, manipulated, communicated, stored, or utilized in digital or electronic form.  ESI includes, without limitation, data stored on or in computer servers, computer hard drives, computer desktops, laptops, handheld or tablet computers, portable digital media, backup media, CD-ROMs, DVD-ROMs, floppy disks, non-volatile memory including flash memory devices, external hard drives, personal digital assistants (such as Palm, iPhone, or Blackberry devices), cell phones, electronic voicemail systems, text

messages, instant messages, e-mails and attachments to e-mails, Internet websites, Internet bulletin boards, social networking posts, social networking applications, or any device or medium capable of storing data in any format.

10. A person is deemed in "control" of a document if the person has any ownership, possession, or custody of the document, or the right or ability to secure a document or a copy thereof from any person or public or private entity having physical possession thereof.

11. A reference to a person includes an individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust, association or any other form of public, private, or legal entity and includes all of that person's principals, employees, agents, officers, directors, attorneys, consultants, and other representatives.

12. The terms "include" and "including" shall each be interpreted in every instance as being illustrative of the information requested, shall be read as meaning "including, but not limited to," and shall not be interpreted to exclude any information otherwise within the scope of these Requests.

13. "Requests" shall mean the numbered requests (and each of them a "Request") for production of all documents, electronically stored information, and tangible things set forth below in this Schedule A.

## INSTRUCTIONS

1. You must make a diligent search of any and all Documents that are (i) in Your possession, custody or control, or (ii) in the possession, custody or control of present or former agents, attorneys, consultants, advisors, representatives, and all other Persons acting or purporting to act on Your behalf, or (iii) otherwise available to You, and furnish all Documents

and/or information available to You or subject to Your reasonable inquiry.

2. Each Request shall be construed according to its own terms in accordance with these Definitions and Instructions.  Although there may be some overlap, no Request should be understood to limit any other.

3. All terms defined herein shall have the meaning ascribed in the Definitions, regardless of whether such term is capitalized.

4. A Request for a Document shall be deemed a Request for any non-identical copies or drafts of such Documents, as well as all transmittal sheets, cover letters, exhibits, enclosures, appendices or attachments to the Document, in addition to the Document itself.

5. If any portion of any Document is responsive to any Request(s), the entire Document, including the attachments, disclosures, and/or exhibits must be produced.

6. No attached Documents should be separated from each other.

7. The fact that a Document is possessed or produced by another party does not relieve You of Your obligation to produce a copy of the same Document, even if two Documents are identical in all respects.

8. The response to each of these Requests shall first set forth verbatim the Request to which it is responding.

9. To the extent that You deem or consider any Request to be ambiguous, You should set forth the matter deemed ambiguous and the construction You adopted to respond to the Request.

10. If it is not possible to produce any Document called for by the Request, or if You object to any individual Request in whole or in part, state specifically Your objection(s) or the reason(s) for failure to produce the Document.

11.     If You object to any of the Requests herein, whether in whole or in part, on the grounds that information sought therein is subject to a claim of attorney-client privilege, work-product immunity, or other privilege or immunity, produce as much of the subject Document as to which no claim of privilege or immunity is made.  With respect to Documents or portions of Documents for which a claim of privilege or immunity is made, state the following:

(a)     the type and nature of the Document or Communication;

(b)     the date of the Document;

(c)     the Person(s) to whom such Document or Communication was made, including persons copied or blind copied on the Document, or the Person(s) present during the Communication;

(d)     the Person(s) who authored or created or sent the Document or the Person(s) who made the Communication; general subject matter of the Document or Communication in a manner sufficient to support the privilege, immunity or protection claimed;

(e)     the nature of the privilege, immunity or protection asserted, the Person(s) asserting the privilege, immunity or protection, and/or the specific reason why the Document is not being produced; and

(f)     the same information referenced in (a)-(f) above for each enclosure or attachment to each listed Document if the enclosure or attachment is also withheld from production.

12.     For any responsive Documents stored in electronic format, including email, You shall produce those Documents in searchable electronic format (i.e., single-page .tiff format with corresponding OCR or full-text files) through a file transfer protocol website, portable or

external hard drives, or through some other widely used electronic or optical storage media.  All Microsoft Excel Documents, PowerPoint Documents, video, audio, and database-type files (e.g., Microsoft Access) shall be produced in native format, and Defendants reserve the right to seek production of additional Documents or categories of Documents in native format.  Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field.  All responsive electronically stored Documents shall be produced with a delimited database load file that contains all available metadata fields.  An .opt image cross-reference file will also be provided for all .tiff images.  Your production of electronically stored Documents must include, at a minimum, sufficient metadata to convey where items begin and end (including attachments), the original file name and location, and the original timestamps and attributes, including the following metadata fields: "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH," "to," "from," "cc," "bcc," "subject," "custodian," "date and time sent," "date and time received," "creation date and time," "last modified," "location," "file path," and "MD5HASH."  Timestamp metadata should reflect the time zone and the time in the time zone of the custodian from whom the Document was collected.  In the event Defendants agree that search terms may be used to collect any portion of the Documents, You must, before collecting from any location containing Documents with renderable text that may not be text-searchable (e.g., non-OCR'ed PDF files), run an OCR protocol on that location.  When converting any electronically stored Document from its native format into its production format: (a) All tracked changes shall be retained in the manner in which they existed when the file was collected; (b) OLE Embedded files shall not be extracted as separate Documents; (c) author comments shall be retained in the manner in which they existed when the file was collected; (d) hidden columns and rows shall be retained in the

manner in which they existed when the file was collected; (e) presenter notes shall be retained in the manner in which they existed when the file was collected; and (f) auto-populated fields shall be replaced with descriptive text for the item.

13. To the extent Documents in a foreign language are produced, processing of such Documents shall be Unicode-compliant.

14. All Documents should be produced as they are maintained in the ordinary course of business, including in the sequence in which they are ordinarily maintained, or shall be organized and labeled to correspond to the specific Request(s) to which they are responsive. All Documents shall be produced in their entirety, including with any attachments, exhibits, and/or enclosures. All electronically stored Documents shall be produced pursuant to Instructions 12 and 13 above and You should otherwise ensure that all data associated with those Documents— including metadata, sequence, original file location, and attached or embedded objects—are preserved and produced. All hard copies of Documents shall be produced in the original file folders, boxes, or other containers or binders in which such items are found, including the title, labels, or other description of each such folder, box, or other container, or attach a copy of the Documents to copies of the file folders from which they came. The integrity and internal sequence of the requested Documents within each folder shall not be disturbed or commingled with the contents of another folder.

15. An objection or claim of privilege or immunity directed to part of a Request does not constitute an excuse for failure to respond to the parts of a Request for which no objection or claim of privilege or immunity is made.

16. If any Document responsive to these Requests has been lost, destroyed, or otherwise disposed of, such Document is to be identified as completely as possible, including the

following information: contents; author(s); recipient(s); sender(s); copied recipient(s) (indicated or blind); date prepared or received; date of disposal (approximate, if precise date is not known); manner of disposition; Person(s) currently in possession of the Document; and Person(s) disposing of the Document.

17.     Documents not otherwise responsive to these Requests should be produced if such materials mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such materials are attached to, enclosed with, or embedded in Documents that are responsive to these Requests.

18.     Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Florida Rules of Civil Procedure.

## RELEVANT TIME PERIOD

1.     Unless otherwise stated in any specific Request, the relevant time period for these Requests shall be from January 27, 2021 through the present  through the present ("Relevant Time Period") and shall include all Documents and Communications which relate in whole or in part to such period, or to events or circumstances during the Relevant Time Period, even though dated, prepared, generated, or received prior to the Relevant Time Period.

## REQUESTS

1.     All Documents and Communications (including but not limited to agreements, purchase orders, invoices, receipts, ledgers, accounting records, bank statements, checks, wire transfer records, audited or unaudited financial statements, federal and state income tax returns, and any Communications with any accountants) that refer or relate to any money received by You as a result of, directly or indirectly, the performance of any business activity or service (including but not limited to consulting services) since January 27, 2021.

2.      Any and all bank statements or other documentation related to any funds, brokerage, or other account in which You maintained an interest since January 27, 2021.

3.      Any Financial Statements created by You or on Your behalf since January 27, 2021.

4.      Any and all Documents related to any bank account, brokerage account, money market account, cash on hand, or any other type of investment held as of January 27, 2021.

5.      Any and all Documents related to any ownership or leasehold interest have in any real property.

6.      Any and all Documents related to any lien encumbering any real property in which You have any ownership or leasehold interest.

7.      Any and all Documents which reflect Your ownership interest in any stocks, bonds, or other securities of any class in any government, governmental agency, company, firm, or corporation.

8.      Any and all Documents related to any safe deposit box or other depository for securities, cash, or other valuables to which You have access.

9.      Any and all Documents which evidence any debt owed to You for any reason.

10.     Any and all Documents which reflect any accounts receivable which You own or in which You maintain an interest.

11.     Any and all Documents which reflect any encumbrances on any accounts receivable which You own or in which You maintain an interest.

12.     Any and all Documents which reflects the outstanding balance owed on any debt encumbering property owned by You.

13.     All Documents containing or referring in any way, directly or indirectly, to the names and addresses of Persons who have served as bookkeepers, accountants, investment managers, brokers, or financial advisers for You since January 27, 2021.

14.     All Documents evidencing or referring in any way, directly or indirectly, to any and all motorized vehicles of any kind (including automobiles, trucks, watercraft, aircraft and motorcycles) in which You claim an interest.

15.     All Documents evidencing or referring in any way, to any encumbrance on any and all motorized vehicles of any kind (including automobiles, trucks, watercraft, aircraft and motorcycles) in which You claim an interest.

16.     All Documents evidencing or referring in any way, directly or indirectly, to the anticipated amount of recovery by You in any legal cause of action, either real or anticipated.

17.     All Documents evidencing or referring in any way, directly or indirectly, to notes receivable held by You or in which You claim an interest since January 27, 2021.

18.     All Documents evidencing or referring in any way, directly or indirectly, to any unpaid taxes for which You are liable since January 27, 2021.

19.     All Documents evidencing or referring in any way, directly or indirectly, to any filing in bankruptcy by You or any assignment by You for the benefit of creditors since January 27, 2021.

20.     All Documents evidencing or referring in any way, directly or indirectly, to any contributions You made since January 27, 2021, to any trust for the benefit of others, including but not limited to the Matthew Levenson Revocable Trust.

21.     All Documents evidencing or referring in any way, directly or indirectly, to any legal fees or retainers paid for by You, including any retainer amount remaining.

22.     All Documents evidencing or referring in any way, directly or indirectly, to any contract or agreement to which You have been a party since January 27, 2021.

23.     All Documents evidencing or referring in any way, directly or indirectly, to any credit card and the credit card statements held by You since January 27, 2021.

24.     All Documents evidencing Your ownership interest in any collections of any kind (such as coin, stamp, etc.), paintings, or other art objects of any kind.

25.     Any and all Documents related to any account at a bank or other institution which You are holding in trust for another entity.

26.     Produce any and all Documents related to any ownership or other interest You have in any patent or copyright.

27.     Any and all Documents which reflect the ownership of any property now being held by You in the name of some Person other than Yourself.

28.     Any and all Documents which reflect any conveyances, transfers, gifts, or other dispositions of property since January 27, 2021, including any reservation of rights, benefits, or options running to You for the reacquisition of the property at some later date.

29.     Any and all Documents which reflect any assignment of any property (real or personal), financial interest, thing or cause of action since January 27, 2021.

30.     Any and all Documents which reflect any sale, transfer, or bulk assignment of any stock in trade or trade fixtures since January 27, 2021.

31.     All Documents evidencing or referring in any way, directly or indirectly, to any offshore bank account that You opened, was opened on Your behalf, or considered creating since January 27, 2021.

32.     All Documents evidencing or referring in any way, directly or indirectly, to any consideration of You moving money offshore since January 1, 2008.

33.     Please produce any and all Documents which reflect any payments of more than $100,000 to any creditor within the past five (5) years.

34.     All Documents evidencing or referring in any way, directly or indirectly, to any other assets not already divulged by You pursuant to the requests for production of Documents contained herein.

35.     All Documents evidencing or referring in any way, directly or indirectly, to any other liabilities not already divulged by pursuant to the requests for production of Documents contained herein.

36.     All Documents stored in the Google Drive folder "01" shared by Dave Friedman on May 16, 2025 with Blackhawk Network and/or located at

https://drive.google.com/drive/folders/1fPdVh62ScktqaZPiORyEnLqfUV16BW3P:



37.     All Documents related to the formation, organization, governance, or operation of any corporation, limited liability company, partnership, joint venture, trust, or other business entity that Moocho has formed, owned, controlled, held any ownership interest in, or conducted business through since January 27, 2021, including but not limited to organizational charts showing relationships between entities, minutes of board meetings, member meetings, or partner meetings, and resolutions authorizing transactions, asset transfers, or distributions.

38.     All Documents related to any arrangement whereby any entity or individual has held, managed, or controlled assets on behalf of Moocho or at Moocho's direction since January 27, 2021.

39.     All Documents which reflect any transactions, transfers, loans, advances, payments, or other financial dealings between Moocho and any related entity since January 27, 2021, including but not limited to inter-company loan agreements and promissory notes, invoices, receipts, and payment records, management fees, service fees, or licensing fees paid or received, asset transfers, sales, or purchases between entities, or guarantees or pledges of assets.

40.     All Documents related to any investment in, equity funding of, or acquisition of ownership interests in Moocho since January 27, 2021.

41.     All Documents related to any equity funding that has been pledged, committed, or promised to Moocho (whether or not yet received) since January 27, 2021.

42.     Any and all Documents relating to any person's access to, signature authority over, or ability to make withdrawals, transfers, or payments from any Moocho Account since January 27, 2021.

43.     Any and all Documents relating to any withdrawals, transfers, payments, or expenditures made from any Moocho Account since January 27, 2021 for personal expenses or

the benefit of any individual, including but not limited to credit card statements, debit card statements, bank statements, receipts, invoices, or other documentation showing personal expenditures.

44. Any and all Documents which reflect Moocho's balance sheet since January 27, 2021.

45. Any and all Documents related to any secured obligations of Moocho since January 27, 2021.

46. Any and all Documents related to any Moocho asset transfers since January 27, 2021.

47. Any and all Documents related to statements made to bringing a legal action against Blackhawk.

48. Any and all Documents related to payment terms with Blackhawk.

49. Any and all Documents related to raising money for Moocho, including but not limited to all road show presentations.

50. Any and all Documents related to bank problems regarding any payments to Blackhawk.

51. Any and all Documents related to discounts provided to Moocho customers for gift cards.

52. Any and all Documents related to any promotions run by Moocho relating to payment cards, including but not limited to Samsung promotions and American Express promotions.

53. Any and all Documents related to Moocho's use of gift cards obtained from Blackhawk, including to but not limited to self-use and business to business sales from Moocho to third-party businesses.

54. Any and all Documents related to Moocho's investors and potential investors since January 27, 2021.

55. Any and all Documents related to Second Wind Consultants Inc.

56. Any and all Documents related to merchant cash advance ("MCA") activity, agreements and obligations.

57. Any and all Documents related to assurances provided to Blackhawk regarding Moocho's ability to repay the April 25, 2025 Note.