UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

                                            Case No. 26-10911-CLC

MOOCHO INC.                                  Chapter 11

        Debtor.

_____/

## NOTICE OF FILING RESOLUTION OF AUTHORITY

The Debtor, Moocho, Inc. ("Moocho" or "Debtor"), by and through proposed counsel,

files this notice of filing resolution of authority.

Dated this February 27, 2026

Respectfully Submitted,

**BEIGHLEY, MYRICK,**
**UDELL + ZEICHMAN, PA**
*Proposed Counsel for Moocho, Inc.*
2385 Executive Center Drive
Suite 300
Boca Raton, FL 33431
Phone: 561-549-9036
Fax: 561-491-5509
tzeichman@bmulaw.com
By:____*/s/ Thomas G. Zeichman*_____
THOMAS G. ZEICHMAN
Florida Bar No. 99239

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be furnished via

the attached mailing matrix on February 27, 2026.

*/s/ Thomas G. Zeichman*_____
Thomas G. Zeichman

## WRITTEN CONSENT AND RESOLUTIONS OF
## <u>MOOCHO, INC.</u>

**WHEREAS**, it is desirable and in the best interest of Moocho Inc. (the "Company"), its creditors, equity holders and other interested parties, that the Company be authorized and empowered to file, at such time as it is deemed necessary by the appropriate persons acting on behalf of the Company, a voluntary petition for relief (the "Petition") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") for the purpose of commencing and advancing a Chapter 11 bankruptcy case (the "Chapter 11 Case") and to take any and all actions necessary to advance same; it is

**RESOLVED**, that notwithstanding any term(s) or provision(s) (the "Other Provisions") of any agreement(s) or understanding(s) to the contrary to which the Company is a party, whether written or verbal ("Other Agreements"), and to the extent there are any such Other Provisions or Other Agreements, these resolutions shall hereby control, supersede and replace such Other Provisions, and any such Other Agreements are hereby modified to reflect the terms and provisions set forth in these resolutions; and be it further

**RESOLVED**, that Luis Parra, or such other persons that they may individually or collectively designate and direct ("Authorized Persons"), are authorized, directed and empowered (i) to execute and verify the Petition as well as any other ancillary documents and to cause the Petition to be filed with the Bankruptcy Court and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and (iii) to take all actions required by a person in control of a Debtor in Possession; and be it further

**RESOLVED**, that the Authorized Persons are hereby authorized and directed, in the name of the Company and on its behalf, to seek such orders from the Bankruptcy Court, including without limitation, orders regarding the operation of the business and the financing thereof, as any of them may deem necessary or advisable during the pendency of the Chapter 11 Case, including taking any and all action necessary to comply with the duties and obligations of the Company under and related to the Bankruptcy Code, and in connection therewith, to execute and file with the Bankruptcy Court such motions, applications, pleadings, certifications, affidavits or other materials, including a disclosure statement and plan of reorganization, as any Authorized Persons may deem necessary or advisable and to retain all assistance from legal counsel, accountants, consultants and other professionals, and to take any and all actions, as they, or any one of them, deem necessary or advisable with respect to the Chapter 11 Case; and be it further

**RESOLVED**, that each of the Authorized Persons, and such other persons that the Authorized Persons designate and direct, is authorized, directed and empowered, on behalf of and in the name of the Company, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers and documents necessary or desirable in connection with the Chapter 11 Case; and be it further

Document Ref: TVRXV-N6QB9-5XGUN-2VVU3

**RESOLVED**, that the Authorized Persons of the Company is hereby authorized to immediately take any and all actions necessary to effectuate an orderly and efficient bankruptcy filing so as to maximize the value of such assets for the benefit of creditors in the Chapter 11 Case; and be it further.

**RESOLVED**, that none of the Authorized Persons shall have any personal liability to the Company, its creditors, equity holders, or any other party in interest for any act taken or omitted to be taken in connection with the Chapter 11 Case, the filing of the Petition, or the administration of the Company as a debtor in possession, except to the extent such act or omission is finally determined by a court of competent jurisdiction to have resulted from such Authorized Person's gross negligence, willful misconduct, or actual fraud; and be it further

**RESOLVED**, that each Authorized Person shall be entitled to rely in good faith upon information, representations, financial data, records, and advice provided by the Company's officers, employees, former employees, legal counsel (including bankruptcy counsel), accountants, financial advisors, consultants, secured lenders, and other professionals retained by the Company, and no Authorized Person shall have any liability for actions taken in reliance thereon; and be it further

**RESOLVED**, that the Company shall indemnify and hold harmless each Authorized Person to the fullest extent permitted under Delaware law and applicable bankruptcy law from and against any and all claims, liabilities, losses, damages, costs, and expenses (including reasonable attorneys' fees) arising out of or related to the Chapter 11 Case, the execution of these resolutions, or the performance of duties contemplated hereby, except to the extent arising from such Authorized Person's gross negligence, willful misconduct, or actual fraud; and be it further

**RESOLVED**, that any alleged misstatement, inaccuracy, or omission in any petition, schedule, statement of financial affairs, motion, declaration, or other filing made in the Chapter 11 Case shall not give rise to personal liability for any Authorized Person absent a final judicial determination that such misstatement, inaccuracy, or omission was knowingly made with intent to mislead; and be it further

**RESOLVED**, that the protections, limitations of liability, and indemnification rights set forth herein shall be and be it further, and not in limitation of, any rights to indemnification, exculpation, or limitation of liability available to the Authorized Persons under the Company's certificate of incorporation, bylaws, insurance policies (including D&O insurance), or applicable law; and be it further

**RESOLVED**, that the Company is hereby authorized to compensate Luis Parra, in his capacity as an Authorized Person, in the amount of Twenty Thousand Dollars ($20,000) for administrative, coordination, and oversight services rendered in connection with the preparation, commencement, and administration of the Company's Chapter 11 case (the "Administrative Services");

**RESOLVED**, that in addition to the foregoing fixed compensation, the Company is further authorized to compensate the Authorized Person for additional services rendered during the pendency of the Chapter 11 Case on a time and materials basis, consistent with and subject to the

2

Document Ref: TVRXV-N6QB9-5XGUN-2VVU3

terms and conditions set forth in that certain consulting or services engagement agreement between the Company and the Authorized Person (the "Engagement Agreement");

**RESOLVED**, that any compensation paid or payable to the Authorized Person hereunder is intended to constitute reasonable compensation for services rendered in the ordinary course of administering the Chapter 11 Case and shall not be deemed a guarantee, advance, or preferential payment.

**RESOLVED**, that each of the Authorized Persons, and such other persons or officers, including Matthew Levenson, as they shall from time to time designate, be, and each of them acting alone is, authorized and directed to retain on behalf of the Company, the law firm of Beighley Myrick Udell + Zeichman PA ("BMU") as general bankruptcy counsel, to render legal services to, and to represent the Company in connection with the Chapter 11 Case and any other matters in connection therewith, including without limitation, in the preparation and prosecution of the Chapter 11 Case and all proceedings arising out of or related thereto upon such terms as set forth in that certain engagement agreement (the "Engagement Agreement"); and be it further

**RESOLVED** that the Company is hereby authorized to pay directly or borrow funds or have gifted funds to pay BMU a retainer up to $7,500.00, for pre-bankruptcy costs and services and for post-bankruptcy costs and services plus all such other amounts as are earned and are expended during the Chapter 11 Case consistent with the Engagement Agreement and as authorized by the Bankruptcy Court; and be it further

**RESOLVED**, that, inasmuch as the Company may not have sufficient funds available to pay the BMU retainer, the Company is hereby authorized to borrow any such funds as are deemed necessary or procure guarantees of payment (the "Retainer Loans"); and be it further

**RESOLVED,** that the Retainer Loans are hereby authorized as valid loans; and be it further

**RESOLVED**, that each of the Authorized Persons, and such other persons or officers as they shall from time to time designate, be, and each of them acting alone is, authorized and directed to retain on behalf of the Company any additional counsel, accountants and other advisors as appropriate; and be it further

**RESOLVED**, that each of the Authorized Persons, and such other persons or officers as they from time to time designate, be, and each of them acting alone, is, authorized and directed to take any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, in each case as in his, her or their judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any director or officer or agent of the Company in connection with reorganization or liquidation of the Company or any matter related thereto, by virtue of these resolutions are hereby in all respects ratified, confirmed and approved; and be it further

3

Document Ref: TVRXV-N6QB9-5XGUN-2VVU3

**RESOLVED** that the foregoing resolutions shall be effective as of the January 23, 2026.

<u>[SIGNATURES ON FOLLOWING PAGE]</u>
Moocho, Inc.

By:        *Matthew Levenson*
_____
            Name: Matthew Levenson
            Title: Board of Directors, Chair of Board,
            President, and a shareholder

4

Document Ref: TVRXV-N6QB9-5XGUN-2VVU3