**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

Case No.: 26-10911 CLC
Chapter 11

In re:

Moocho Inc

Debtor.

_____/

### <u>UNITED STATES TRUSTEE'S EXPEDITED MOTION TO CONVERT CASE</u>
(*Hearing requested March 12, 2026, at 1:30 p.m. with other scheduled matters in this case*)

The United States Trustee for Region 21 in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a) respectfully submits this Motion to Convert the Chapter 11 case of Moocho, Inc. (the "Debtor") pursuant to 11 U.S.C. §1112(b) and Shorten Norice. In support thereof, the United States Trustee states as follows.

### <u>RELEVANT BACKGROUND</u>

1. On January 26, 2026, the Debtor commenced a case under Chapter 11 of the Bankruptcy Code (Dkt. No. 1).

2. The § 341 Meeting of Creditors was scheduled for and concluded on February 27, 2026.

3. Despite receiving multiple extensions of time, the Debtor just filed its Case Management Summary today, nearly three weeks past the time provided in the Order granting the second extension of time entered on February 27, 2026 (Dkt. No. 34).

4. On February 13, 2026, Blackhawk Network, Inc ("Blackhawk"), the single largest creditor of the Debtor with a disputed, contingent unliquidated claim scheduled in the amount of

1

$65 million, filed a Motion to Convert the Chapter 11 Case to Chapter 7 (Dkt. No. 21) which is set for hearing on March 12, 2026 (Dkt No. 22).

5. Pursuant to  Blackhawk's Motion and the testimony provided at the § 341 Meeting of Creditors, the Debtor  had previously been engaged in the sale and promotion of prepaid cards from retailers and various brands and is no longer operating, does not maintain a physical office and its books and records are accessible virtually.

6. The sole asset of this estate, and the reason the chapter 11 case was filed, appears to be 10 potential chapter 5 causes of action listed in response to Item 74 of the Debtor's Schedule B (Dkt. No. 29) for a total face value of $4,601,524.95.

7. Without commenting on the viability of the causes of action or defenses, many of the same parties identified by the Debtor in Item 74 of Schedule B, also appear in response to Item 7 of the Statement of Financial Affairs and appear to have been engaged in pending litigation against the Debtor at the time of filing.

8. The Debtor is a rudderless ship. The former president of the Debtor, Matthew Levenson, resigned and his last act, although signed after his resignation, appears to have been signing a consent and resolution (Dkt. No. 35) to authorize Luis Parra, who is not an officer, director or owner of the Debtor, and is not acting in any recognizable fiduciary capacity, to file the chapter 11 case.

9. At the § 341 Meeting of Creditors Mr. Parra had very little knowledge of the Debtor's operations or the potential causes of action, and Mr. Levenson had to provide additional testimony to supplement the answers. Pursuant to the testimony provided, Mr. Levenson is paying Mr. Parra an hourly fee for his participation in the Debtor's chapter 11 case.

10.     What was evident from the § 341 Meeting of Creditors is that an independent chapter 7 trustee needs to be appointed to investigate the financial dealings of the Debtor, and not just the 10 scheduled potential causes of action.

11.     In this case, there is nothing to reorganize as the Debtor is not operating and there is no one acting in a fiduciary capacity. Accordingly, the Court should convert the case pursuant to 11 U.S.C. §§ 1112(b)(4)(A)(B)(E) and (F).

## ARGUMENT

### I.     CONVERSION OF THE CASE IS APPROPRIATE.

Dismissal or conversion of Chapter 11 cases are governed by Section 1112(b) of the Bankruptcy Code, which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause. *See* 11 U.S.C. § 1112(b). The term "cause" is not defined by the Bankruptcy Code, but § 1112 (b)(4) lists sixteen (16) examples of cause which justify conversion including, but not limited to, the following:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to the case under [Chapter 11];
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
(K) failure to pay any fees or charges required under chapter 123 of title 28;
(L) revocation of an order of confirmation under section 1144;
(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;
(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.SC. § 1112(b)(4).  The examples set forth in this subsection are meant to be nonexclusive.

*See In re Global Shipments, LLC*, 391 B.R. 193, 204–05 (Bankr. S.D. Ga. 2007).

The Debtor is not operating. An investigation into the transfers and the Debtor's financial activity by an independent fiduciary is required.  In addition to the lack of proper corporate leadership and governance, the Debtor failed to comply with a Court Order by failing to timely file its Case Management Summary. Therefore, pursuant to 11 U.S.C. § 1112(b) in general as well as §§ 1112(b)(4)(A)(B)(E) and (F), the above detailed actions alone are sufficient cause for conversion of a Chapter 11 case. In the event the Debtor contests the motion, the United States Trustee reserves the right to supplement this motion and provide additional grounds in support conversion of this chapter 11 case, or other appropriate relief.

The United States Trustee believes that the facts set forth in the Motion warrant this Court to reduce the required noticing period pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure and to set this hearing on shortened notice.

**WHEREFORE**, based upon the foregoing, the United States Trustee respectfully requests that this Court enter an order converting the case and to shorten notice of hearing

pursuant to Rules 2002 and 9006 and granting such other further relief as may be just and proper.

Respectfully submitted,
GUY A. VAN BAALEN

Acting United States Trustee Region 21
By: /s/ Steven *D. Schneiderman*
Steven D. Schneiderman, Esq.
Office of the United States Trustee
51 S.W. First Avenue Suite 1204
Miami, FL 33130

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the attached UNITED STATES TRUSTEE'S EXPEDITED MOTION TO CONVERT CASE AND SHORTEN  NOTICE was sent via CM/ECF to those parties denoted by an * and via U.S. Mail, properly addressed and with correct postage to the following:


*Paul A Humbert     pa@pahumbertlaw.com, eservice@pahumbertlaw.com

*Danielle Merola     dmerola@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com

*Jimmy D. Parrish     jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com

*Niki M Sturm     nsturm@kaminskilawpllc.com

*Thomas G Zeichman     Tom@Zeichmanlaw.com, g67999@notify.cincompass.com;zeichman.thomasb@notify.bestcase.com

Jason F. Hoffman
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW Suite 1100
Washington, D.C., 20036


Done this 10th day of March 2026.

I hereby certify that I am admitted to the Bar of the State of Illinois, and I am excepted from additional qualifications to practice in this Court pursuant to Local Rules 9011-4 and 2090(C)(3) pertaining to attorneys representing the United States government.

/s/
_____
Steven D. Schneiderman
Trial Attorney
