UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

                                      Case No. 26-10911-CLC

MOOCHO, INC.                             Chapter 11


  Debtor.

_____/

**RESPONSE IN OPPOSITION TO MOTION TO CONVER**

The Debtor-in-Possession, Moocho, Inc., ("Moocho" or the "Debtor") by and through undersigned proposed counsel, file this Opposition to the Motion to Convert and states:

### I.      Background

1.      The Debtor filed this Ch. 11 in response to litigation filed by several MCAs.

2.      Additionally, creditor Blackhawk obtained a judgment for nearly $70,000,000.00 which is final and non-appealable.  But this is far from a 2 party dispute given the dozens of creditors.

3.      The Debtor's schedules reflect claims against MCAs totaling millions of dollars. DKT No. 29 at pp. 7-8.

4.      The Debtor has obtained litigation funding of $75,000.00 to fund litigation against the MCAs. The Debtor is only aware of such funding being available in a Ch. 11.

### II.      Legal Argument

5.      11 U.S.C. § 1112(b) provides that the Court shall convert or dismiss a chapter 11 case "for cause." Cause includes filing a petition in bad faith. See In re Phoenix Piccadilly, Ltd.,

849 F.3d 1393, 1394 (11th Cir. 1988). Phoenix Picadilly set forth six factors for consideration: (1) whether the debtor has only one asset; (2) whether the debtor has few unsecured creditors with small claims in relation to its secured debt; (3) whether the debtor has few employees; (4) whether the debtor's property was subject to a foreclosure action; (5) whether the debtor's financial problems are essentially a two-party dispute; and (6) the timing of filing evidences an intent to delay. Id. at 1394-95. However, "the factors set forth in Phoenix Piccadilly are non-exhaustive and not to be rigidly applied." In re State Street Houses, Inc., 356 F.3d 1345, 1347 (11th Cir. 2004).

6.    Here, the Debtor concedes it has few employees.

7.    However, there are substantial unsecured creditors and the MCA litigation could be valuable.

8.    In the event of a conversion, the estate will begin administratively insolvent with a Ch. 7 trustee without any funding. Accordingly, conversion would not improve circumstances for the creditors. Potentially, dismissal would be more favorable than an administratively insolvent Ch. 7 case.

**WHEREFORE**, Plaintiff, Moocho, respectfully request this Honorable Court deny the motion to convert and grant such other and further relief as this Court shall deem appropriate.

Dated: March 10, 2026

Respectfully Submitted,

**Zeichman Law**
*Proposed Counsel for Debtor*
2385 Executive Center Drive
Suite 300
Boca Raton, FL 33431
Phone: 561-549-9036
Fax: 561-491-5509

tzeichman@bmulaw.com
By:  */s/ Thomas G. Zeichman*
THOMAS G. ZEICHMAN
Florida Bar No. 99239

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this March 10, 2026, I electronically filed this document with the Clerk of Court using CM/ECF.  I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF including without limitation those listed below.

By:  /s/ Thomas G. Zeichman
THOMAS G. ZEICHMAN
Florida Bar No. 99239