UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

MOOCHO, Inc.,                                      Case No. 26-10911-CLC

        Debtor.                                    Chapter 11

_____/

**NOTICE OF FILING CORRECTED EXHIBIT I IN FOR BLACKHAWK NETWORK,
INC.'S MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7**

Blackhawk Network, Inc. ("Blackhawk") submits this corrected Exhibit I in support of its

motion ("Motion") requesting entry of an order converting the above-captioned chapter 11 case of

Moocho, Inc. ("Moocho" or "Debtor") to a case under chapter 7. Blackhawk filed the Motion on

February 13, 2026 (Doc. No. 21). Exhibit I to the Motion is a copy of the final judgment obtained

by Blackhawk against Moocho pre-petition (the "Judgment"). The Exhibit only included the first

page of the Judgment. Accordingly, Blackhawk submits this corrected Exhibit I in advance of the

hearing on the Motion. A copy of the corrected Exhibit I is attached to this Notice.

*[signature page follows]*

Dated: March 12, 2026

BAKER & HOSTETLER LLP

/s/ Danielle L. Merola
JIMMY D. PARRISH, ESQ.
Florida Bar No. 0526401
E-mail: jparrish@bakerlaw.com
DANIELLE L. MEROLA, ESQ.
FL Bar No.: 120120
E-mail: dmerola@bakerlaw.com
BAKER & HOSTETLER LLP
200 S. Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone (407) 649-4000
Facsimile (407) 841-0168

JASON F. HOFFMAN, ESQ.
ADMITTED PRO HAC VICE
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone (202) 861-1500
*Attorneys for Blackhawk Network, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March 2026, I electronically filed the foregoing Notice with the Clerk of the Court by using the Court's CM/ECF System which will send a Notice of Electronic Filing and copy to all parties requesting such notice.

/s/ Danielle L. Merola
Danielle L. Merola, Esq

**CORRECTED EXHIBIT I FOR BLACKHAWK'S MOTION TO CONVERT**

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

BLACKHAWK NETWORK, INC.,

        Plaintiff,                          CASE NO. 2025-CA-009150-O

vs.

MOOCHO, INC.,

        Defendant.

_____/

## FINAL DEFAULT JUDGMENT

THIS CAUSE having come before the Court upon Plaintiff's Motion for Final Default Judgment filed on October 31, 2025 (the "**Motion**"), and the hearing on said Motion which took place on November 17, 2025, and the Court, being fully advised in the premises, hereby **ORDERS AND ADJUDGES** as follows:

1.      Plaintiff's Motion is **GRANTED**. Plaintiff, Blackhawk Network, Inc., is entitled to an enforceable and executable Final Judgment against Defendant Moocho, Inc.

2.      Plaintiff filed its Complaint on September 19, 2025, bringing claims for enforcement of secured promissory note (Count I), enforcement and foreclosure of security interest (Count II), and breach of contract (Count III) against Defendant. In the Complaint, Plaintiff specifically alleged the amounts due to Plaintiff under each of the counts in the Complaint.

3.      Defendant did not file any response to the Complaint. As such, Defendant admitted all well-pled allegations of the Complaint. *See Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 662 (Fla. 5th DCA 1983) (finding that a "default admits every cause of action that is sufficiently well-pled").

1

4. As a result of its failure to respond to the Complaint, the Clerk entered a Clerk's Default against Defendant on October 21, 2025.

5. In the Complaint, Plaintiff identified that Plaintiff, as the owner and holder of a certain Secured Promissory Note (the "Note") which was attached to the Complaint, is entitled to enforce the Note (*see* Complaint ¶ 35, 36), that Defendant defaulted under the Note by failing to make required payments when due (*see* Complaint ¶ 37), that Plaintiff elected to accelerate payment of the balance of the Note, as permitted by the agreement between the parties (*see* Complaint ¶ 38), and that, as a result of Defendant's default, the entire balance under the Note, together with interest, late fees, and attorneys' fees, is now due and owing (*see* Complaint ¶ 39). Each of these allegations are admitted by Defendant. *See Bowman*, 432 So. 2d at 662.

6. Given the specific allegations of damages suffered by Plaintiff in the Complaint, with the exception of the attorneys' fees and costs, the damages sought by Plaintiff are liquidated. *See Bodygear Activewear, Inc. v. Counter Intelligence Services*, 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006) ("Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, *i.e.*, from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.").

7. Based on the allegations and exhibits attached to the Complaint, Plaintiff is entitled to the following amounts from Defendant as of November 17, 2025:

| Basis for Amount Due | Amount Due |
|---|---|
| Amount owed on Note | $67,178,071.18 |
| Unpaid Documentary Stamp Taxes | $3,430.00 |
| Daily Default Interest Payments | $27,607.43 per day (after August 31, 2025) |
| **Total as of November 17, 2025 (excluding attorneys' fees & costs)** | **$69,307,273.29** |

8.  Thus, in total, Plaintiff is entitled to recover $67,178,071.18 in damages from Defendant as of August 31, 2025, plus $2,125,772.11 in interest charges from August 31 to November 17, 2025, plus $3,430.00 in unreimbursed documentary stamp taxes, for a total of $69,307,273.29. Plaintiff is also entitled to post-judgment interest calculated at the statutory rate of 8.65% and accruing *per annum* until payment. *See* Fla. Stat. § 55.03.

9.  Pursuant to the allegations of the Complaint and the Note, the Plaintiff is also entitled to recover all of its attorneys' fees and costs incurred in prosecuting this action, including those to prosecute the Motion, which identified the basis fees and costs incurred by Plaintiff in prosecuting this action.  (*See* Motion at ¶ 22; Note at § 11.2).  The Court reserves jurisdiction to determine the amount of attorneys' fees and costs to be properly awarded upon application by the Plaintiff.

10.  **NOW, IT IS ADJUDGED** that Plaintiff, Blackhawk Network, Inc. shall recover from Defendant, Moocho, Inc., whose address is 1815 Purdy Avenue, Miami, Florida 33139, the total amount of $69,307,273.29 *for which let execution issue*. Thereafter, the interest rate on such judgment amount will accrue and adjust in accordance with Section 55.03, *Florida Statutes*.

11.  **IT IS FURTHER ADJUDGED** that Defendant, Moocho, Inc., shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on counsel for Plaintiff within thirty (30) days of the entry of this Judgment, unless the Judgment is satisfied or post-judgment discovery is stayed.

[THIS SPACE INTENTIONALLY LEFT BLANK]

12.     The Court retains jurisdiction to enforce compliance with this Final Judgment.

**DONE AND ORDERED** in Chambers in Orange County, Florida on this 18th day of November 2025.

eSigned by Brian Sandor 11/18/2025 11:26:09 VbTKrpXJ

Judge Brian S. Sandor
Circuit Court Judge


Copies to:

Michael S. Vitale, Esq.
Jimmy D. Parrish, Esq.
Cailey M. Marsh, Esq.
Moocho, Inc.

4