**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DI VISION**
**www.flsb.uscourts.gov**

IN RE:                                                                                  Case No. 26-10911-CLC

MOOCHO, INC.,                                                           Chapter 7

         Debtor.

_____/

**TRUSTEE'S APPLICATION FOR APPROVAL OF EMPLOYMENT**
**OF PAUL STEVEN SINGERMAN AND BERGER SINGERMAN LLP,**
**AS SPECIAL LITIGATION COUNSEL, AND FOR APPROVAL OF**
**CONTINGENCY FEE ARRANGEMENT, EFFECTIVE AS OF**
**THE DATE OF THE FILING OF THE APPLICATION**

Robert A. Angueira, the duly appointed Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Moocho, Inc. (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a), 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, files this application (the "Application") seeking entry of an Order (1) approving the employment of Paul Steven Singerman ("Singerman") and Berger Singerman LLP (collectively, "Berger Singerman") as special litigation counsel to the Trustee and the Estate, and (2) approving a contingency fee arrangement with Berger Singerman, effective as of the date of the filing of this Application.  In support of this Application, the Trustee relies on the *Declaration of Paul Steven Singerman, on Behalf of Berger Singerman LLP, as Proposed Special Litigation Counsel to Robert A. Angueira, Chapter 7 Trustee* (the "Singerman Declaration") attached hereto as **Exhibit A**, and respectfully represents as follows:

**Jurisdiction and Venue**

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2.       Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 105(a), 327(a) and 328(a) of the Bankruptcy Code.

## Background

4.      On January 26, 2026 (the "Petition Date"), the Debtor commenced this case by the filing of a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

5.      On February 13, 2026, Blackhawk Network, Inc. filed a *Motion of Blackhawk Network, Inc. to Convert Chapter 11 Case to Case Under Chapter 7* [ECF No. 21] (the "Motion to Convert"), seeking to convert this case to a case under Chapter 7 of the Bankruptcy Code.

6.      On March 17, 2026, the Court entered an *Order Converting Case Under Chapter 11 to Case Under Chapter 7* [ECF No. 52], thereby converting the Debtor's Chapter 11 case to a case under Chapter 7.

7.      On March 17, 2026, Robert A. Angueira was appointed as the Chapter 7 Trustee of the Debtor's Estate.

## Relief Requested and Basis Therefor

8.      By this Application, the Trustee seeks to employ and retain Berger Singerman as his and the Estate's special litigation counsel to investigate, analyze, and, if appropriate, pursue any and all claims or causes of action of the Estate (including, without limitation, claims under chapter 5 of Title 11 of the United States Code, director and officer liability claims, professional liability claims, and aiding and abetting claims) against any person or entity (collectively, the "Litigation Claims"). Such representation may include all pretrial, trial, appellate, and post-judgment proceedings relating to the Litigation Claims.

2

9.      The Trustee has selected Berger Singerman because the firm is well qualified to act as special litigation counsel to the Trustee in connection with the issues set forth herein, as Berger Singerman has extensive experience and knowledge with respect to the issues set forth herein.

10.     Berger Singerman is qualified to act as special litigation counsel to the Trustee and Berger Singerman has consented to providing such services to the Trustee, subject to the approval of this Court.

11.     The Trustee has negotiated the following contingency fee arrangement with Berger Singerman and seeks the Court's approval pursuant to Section 328(a) of the Bankruptcy Code. Berger Singerman will be retained and compensated under a graduated contingency fee (the "Contingency Fee") based on the following percentages of any Gross Recoveries[1] that are realized, generated, received, obtained, or accrued to or for the benefit of the Estate from any source whatsoever (whether by settlement, recovery on judgments, claims' reductions or otherwise) from the pursuit of any of the Litigation Claims (each, a "Recovery"):

  a.    For any Recovery received prior to the filing of a complaint in respect of any Litigation Claim – 35% of such Gross Recovery.

  b.    For any Recovery received after the filing of a complaint and through any appeals in respect of any Litigation Claim – 40% of such Gross Recovery.

12.     In addition, the Estate will be responsible for the payment of all costs incurred in connection with the investigation and prosecution of the Litigation Claims, including, without limitation, the fees and costs of any experts retained in connection therewith.  In the event that Berger Singerman advances any such fees and costs, Berger Singerman shall be entitled to

---

[1] As used herein, "Gross Recoveries" shall mean all gross proceeds received by the Estate in the matter through settlement or otherwise, including, but not limited to, settlement proceeds, compensatory and all other legal or equitable damages, prejudgment interest, punitive damages, post-judgment interest, reduction or disallowance in the amount of any claim(s) asserted against the Estate (the "Claim Reduction") by the defendants or litigation targets.  If prosecution and settlement efforts involve a Claim Reduction, then Berger Singerman shall be compensated for such Claim Reduction based on the application of the Contingency Fee formula set forth above, multiplied by the dividend payable in respect of a like claim by the Estate.

reimbursement thereof in addition to the Contingency Fee.

13. The Trustee proposes that any request by Berger Singerman for payment of compensation proposed herein in connection with any Litigation Claim be included (a) in each respective motion to approve settlements pursuant to Bankruptcy Rule 9019, with such request clearly set forth in the title to such motion, and/or (b) in a motion for payment of contingency fees in the event a Recovery is obtained by means other than through a settlement required to be approved by the Court.

14. Accordingly, the Trustee seeks to employ Berger Singerman as special litigation counsel to the Trustee, with respect to the investigation and prosecution of the Litigation Claims, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1 and 2016-1. The terms of Berger Singerman's retention are set forth in the Engagement Letter attached hereto as **Exhibit B**.

15. Singerman and Berger Singerman have substantial experience and expertise in bankruptcy cases in Florida and throughout the United States, including, specifically, with respect to the investigation and prosecution of claims of the nature raised in this bankruptcy case. Accordingly, Berger Singerman is well qualified to act as special litigation counsel for the Trustee and the Estate in this case with respect to the Litigation Claims.

16. Bankruptcy Code § 327(a) provides that a trustee, subject to Court approval:

[M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

17. Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, as follows:

> An order approving the employment of attorneys … pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the persons' connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee

Fed. R. Bankr. P. 2014(a).

18.     Additionally, section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> [t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

19.     Except as disclosed herein and in the Singerman Declaration, attached hereto as **Exhibit A**, to the best of the Trustee's knowledge, Berger Singerman is "disinterested" (as such term is defined in Section 101(14) of the Bankruptcy Code) and has no connection with the Debtor, the presently known creditors, or any other party in interest.

20.     As is set forth in more detail in the Singerman Declaration, Berger Singerman conducted a conflict search of the presently known creditors and other interested parties of the Debtor.  Berger Singerman will conduct additional conflict searches and supplement the Singerman Declaration, as necessary, following the filing of any amendments to the Debtor's schedules of assets and liabilities, statement of financial affairs, and list of equity security holders,

5

the Debtor's disclosure of additional creditors and interested parties, and upon the discovery of any additional information uncovered during the investigation relating to the Litigation Claims.

21.    The Trustee believes that the retention of Berger Singerman as special litigation counsel, and approval of the Contingency Fee, is in the best interests of the Estate, its creditors and interested parties. The Trustee has selected Berger Singerman for employment as special litigation counsel in this Chapter 7 case because Berger Singerman's attorneys and personnel have considerable expertise and experience in pursuing the causes of action comprising the Litigation Claims.

22.    The Trustee submits that for all the reasons set forth herein and in the Singerman Declaration, the employment and retention of Berger Singerman as special litigation counsel, as well as the approval of the Contingency Fee, is warranted.

**WHEREFORE**, the Trustee respectfully requests the Court to enter an order, in the form attached hereto as **Exhibit C** (i) approving the Trustee's employment of Berger Singerman LLP as special litigation counsel to the Trustee and the Estate on the terms set forth herein; (ii) approving the terms of the Engagement Letter; (iii) approving the Contingency Fee as set forth herein, effective as of the date of the filing of this Application; and (iv) granting any other relief as this Court deems appropriate.

Dated: April 3, 2026                    Respectfully submitted,


By: */s/ Robert A. Angueira*
      Robert A. Angueira, Chapter 7 Trustee

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 3, 2026, a true and correct copy of the foregoing was served (i) electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as indicated on the attached CM/ECF Service List; and (ii) by first class, U.S. Mail upon the Debtor, Moocho, Inc., Attn.: Luis Parra, 1815 Purdy Ave., Miami Beach, FL 33139, and Moocho, Inc., Attn.: Luis Parra, 32158 Camino Capistrano, Ste. A, PMB 321, San Juan Capistrano, CA 92675, and Debtor's counsel, Thomas G. Zeichman, Esq., Zeichman Law, 2385 NW Executive Center Dr., Ste. 300, Boca Raton, FL 33431-8530.

ROBERT A. ANGUEIRA
Chapter 7 Trustee
16 SW 1st Avenue
Miami, FL 33130-1606
Tel. (305) 263-3328
E-mail:  trustee@rabankruptcy.com

By: */s/ Robert A. Angueira*
        ROBERT A. ANGUEIRA
        Chapter 7 Trustee
        Florida Bar No.  0833241

## CM/ECF SERVICE LIST

- **Robert A Angueira**  trustee@rabankruptcy.com, fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabankruptcy.com;lillian@rabankruptcy.com
- **Paul A Humbert**  pa@pahumbertlaw.com, eservice@pahumbertlaw.com
- **Danielle Merola**  dmerola@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com
- **Office of the US Trustee**  USTPRegion21.MM.ECF@usdoj.gov
- **Jimmy D. Parrish**  jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com
- **Steven D Schneiderman**  Steven.D.Schneiderman@usdoj.gov
- **Niki M Sturm**  nsturm@kaminskilawpllc.com
- **Barry Seth Turner**  bt@bstpa.com, bstpalaw@gmail.com;paralegal@bstpa.com
- **Thomas G Zeichman**  Tom@Zeichmanlaw.com, g67999@notify.cincompass.com;zeichman.thomasb@notify.bestcase.com

35812217-6

# EXHIBIT A

## (Singerman Declaration)

35812217-6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DI VISION**
**www.flsb.uscourts.gov**

IN RE:                                                                Case No. 26-10911-CLC

MOOCHO, INC.,                                                Chapter 7

     Debtor.

_____/

**DECLARATION OF PAUL STEVEN SINGERMAN, ON**
**BEHALF OF BERGER SINGERMAN LLP, AS PROPOSED SPECIAL**
**LITIGATION COUNSEL TO ROBERT A. ANGUEIRA, CHAPTER 7 TRUSTEE**

1.      I am Paul Steven Singerman. I am an attorney and through my professional association, a member of the law firm of Berger Singerman LLP ("Berger Singerman").  Our firm maintains offices for the practice of law at 1450 Brickell Avenue, Suite 1900, Miami, FL 33131; 201 East Las Olas Boulevard, Suite 1500, Fort Lauderdale, FL 33301; 313 North Monroe Street, Suite 301, Tallahassee, FL 32301; 222 Lakeview Avenue, Suite 800, West Palm Beach, FL 33401; 101 East Kennedy Boulevard, Suite 1165, Tampa, FL 33602; 2309 South MacDill Avenue, Tampa, FL 33629; and 111 North Magnolia Avenue, Suite 1450, Orlando, FL 32801.  I am familiar with the matters set forth herein and make this Declaration in support of the *Trustee's Application for Approval of Employment of Paul Steven Singerman and Berger Singerman LLP, as Special Litigation Counsel, and for Approval of Contingency Fee Arrangement, Effective as of the Date of the Filing of the Application* (the "Application").[1]

2.      In support of the Application, I disclose the following:

(a)      Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

(b)      In preparing this Declaration, I and others working with me on this case reviewed (i) the Court matrix on file in this matter as of March 27, 2026; (ii) the *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* filed by the Debtor on January 26, 2026 [ECF No. 3]; (iii) the *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*, Schedules A/B, D, E/F, G, and H, the *Statement of Financial Affairs*, and the *List of Equity Security Holders* filed by the Debtor on February 24, 2026 [ECF No. 29]; (iv) the *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders,* Schedules A/B, D, E/F, G, and H, and *Statement of Financial Affairs* filed by the Debtor on February 27, 2026 [ECF No. 36]; and (v) the name of the prospective financial advisor and forensic accountant to be retained by the Trustee in this matter, as provided to me by the Trustee, as well as the results of a UCC-11 search conducted in Delaware by a third party.  Berger Singerman will conduct additional conflict searches and supplement this Declaration, as necessary, following the filing of any amendments to the Debtor's schedules of assets and liabilities, statement of financial affairs, list of equity security holders, the Debtor's disclosure of additional creditors and interested parties, and upon the discovery of any additional information uncovered during the investigation relating to the Litigation Claims. I caused our firm's conflicts analysts to compare the foregoing information with the information contained in our law firm's client and adverse party conflict check index system.  The facts stated in this Declaration regarding the relationship between other lawyers in our law firm and the Trustee, the Debtor, the Debtor's creditors and interested parties, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my and our team's review of our firm's conflict check index system.  Specifically, I have caused to be (i) conducted a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b) and (ii)

disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtor, the Trustee, and the creditors and interested parties of the Debtor. Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman, as explained herein below.

3.       Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4.       A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

(a)       *Robert A. Angueira* is the duly appointed and acting Chapter 7 trustee of the Debtor's estate (the "Estate.")   Berger Singerman makes the following disclosures with respect to *Robert A. Angueira*, each of which is wholly unrelated to the instant bankruptcy case and does not constitute a conflict in this case or impair my or my firm's disinterestedness:

i.       Berger Singerman represents *Robert A. Angueira* in his fiduciary capacity as Chapter 7 trustee of *In re Industrial Human Capital, Inc.*, in the United States Bankruptcy Court for the Southern District of Florida, Case No. 23-11014-LMI (the "IHC Chapter 7 Case"), currently pending before the Honorable Laurel M. Isicoff;

ii.       Berger Singerman represents *Robert A. Angueira, Trustee,* as plaintiff, in the following adversary proceedings that relate to the IHC Chapter 7 Case:  (i) *Robert A. Angueira, Trustee v. ShiftPixy, Inc., ShiftPixy Investments, Inc., Scott Absher, Mark Absher, Manny Rivera, and John Quelch*, Adv. No. 23-01257-LMI; (ii) *Robert A. Angueira, Trustee v.* Sea

3

*Otter Advisors LLC,* Adv. No. 25-01049-LMI; (iii) *Robert A. Angueira, Trustee v. HRT Financial LP,* Adv. No. 25-01050-LMI; (iv) *Robert A. Angueira, Trustee v. MMCAP International Inc. SPC*, Adv. No. 25-01052-LMI; and (v) *Robert A. Angueira, Trustee v. Wolverine Asset Management LLC,* Adv. No. 25-01054-LMI;

iii.      Berger Singerman represented *Robert A. Angueira, Trustee,* as plaintiff, in the following adversary proceedings that relate to the IHC Chapter 7 Case: (i) *Robert A. Angueira, Trustee v. Bulldog Investors, LLP,* Adv. No. 24-01027-LMI; (ii) *Robert A. Angueira, Trustee v. Continental Stock Transfer & Trust Company*, Adv. No. 25-01044-LMI; and (iii) *Robert A. Angueira, Trustee v. Janus Henderson Group PLC,* Adv. No. 25-01051-LMI. These representations have concluded;

iv.      Berger Singerman represents *Robert A. Angueira,* in his fiduciary capacity as Chapter 7 trustee of Industrial Human Capital, Inc., as a creditor in the Chapter 7 case of ShiftPixy, Inc., pending in the United States Bankruptcy Court for the Southern District of Florida, Case No. 24-21209-LMI, before the Honorable Laurel M. Isicoff;

v.      *Robert A. Angueira* served as the Chapter 7 trustee in the case of Leonidas Ortega, Case No. 15-20614-LMI (the "Ortega Case"), in the United States Bankruptcy Court for the Southern District of Florida, before the Honorable Laurel M. Isicoff.   Jordi Guso, a partner with Berger Singerman, served as mediator in the Ortega Case, which is wholly unrelated to the instant bankruptcy case;

vi.      *Robert A. Angueira* is a friend of mine and we have known each other for approximately 33 years. *Robert A. Angueira* is also a friend of a number of other attorneys in our firm; and

vii.      *Robert A. Angueira* has appeared in cases or proceedings in which Berger Singerman and its professionals have appeared, including, but not limited to, cases in which

4

Berger Singerman represents debtors or creditors.

(b)      *Maria M. Yip* of *Yipcpa, LLC* d/b/a *Yip Associates* is the prospective financial advisor and forensic accountant to the Trustee.   Berger Singerman makes the following disclosures with respect to *Maria M. Yip* and *Yip Associates*, each of which is wholly unrelated to the instant bankruptcy case and does not constitute a conflict in this case or impair my or my firm's disinterestedness:

i.      Berger Singerman represented *Maria M. Yip* as Chapter 7 trustee of the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, Case No. 16-20516-AJC, in the United States Bankruptcy Court for the Southern District of Florida.  That representation has concluded;

ii.      Berger Singerman represented *Maria M. Yip* as Chapter 7 trustee of the estate of Student Aid Center, Inc., Case No. 16-11759-LMI, in the United States Bankruptcy Court for the Southern District of Florida.  That representation has concluded;

iii.      Berger Singerman represented *Maria M. Yip* as Chapter 11 trustee of the estate of Cell Access Cellular, Inc. a/k/a CAI International, Inc., Case No. 15-28279-AJC, in the United States Bankruptcy Court for the Southern District of Florida.  That representation has concluded;

iv.      Berger Singerman represented *Maria M. Yip* as Chapter 7 trustee of the estate of Denis D. Hernandez, Case No. 13-27071-AJC, in the United States Bankruptcy Court for the Southern District of Florida.  That representation has concluded;

v.      Berger Singerman represented *Maria M. Yip* as Chapter 7 trustee of the estate of Ibes Gomez, Case No. 13-22713-AJC, in the United States Bankruptcy Court for the Southern District of Florida.  That representation has concluded;

vi.      Berger Singerman represented *Yip Associates* in connection with

5

employment related matters.  Those representations have concluded;

vii.    Prior to my and our work with *Maria M. Yip* in the instant case, I and other lawyers in our firm have worked on matters that are wholly unrelated to the instant bankruptcy cases, in which *Maria M. Yip* and *Yip Associates* have been involved, both as co-advisor and as an advisor or a fiduciary to an adverse party;

viii.    *Maria Yip* is a friend of mine and has been for over 30 years. Other lawyers at Berger Singerman are also friends of *Maria Yip*;

ix.    Daniel J. Stermer is employed by *Yip Associates*. Berger Singerman represents Daniel J. Stermer in a number of state and federal court receiverships, none of which is related to the Debtor's bankruptcy case; and

x.    Daniel J. Stermer is a friend of mine and has been for over 20 years. He was also briefly an associate attorney at Berger, Davis & Singerman, P.A., the predecessor to Berger Singerman LLP, in early 2000. Several other attorneys at Berger Singerman are friends of Daniel J. Stermer.

(c)    *Thomas G. Zeichman* represents the Debtor in this case. I have known Tommy for many years and he is a friend. He currently represents Mr. Tim Doran. Mr. Doran is the principal of Praesum Healthcare Services, LLC, *et al.*, Case No. 25-19335-EPK, currently pending in the United States Bankruptcy Court for the Southern District of Florida, before the Honorable Erik P. Kimball. Our firm is prospective special litigation counsel to Rober C. Furr, the Chapter 11 Trustee for the Praesum debtors. We are investigating claims against Mr. Doran and may bring such claims if directed to do so by Mr. Furr;

(d)    *JPMorgan Chase Bank, N.A.* is listed as a creditor or interested party of the Debtor.  Berger Singerman represents *JPMorgan Chase Bank, N.A.* in matters wholly unrelated to the instant bankruptcy case.  In addition, Berger Singerman has represented a number of clients

who are adverse to *JPMorgan Chase Bank, N.A.* in that they have incurred a debt to or asserted claims against *JPMorgan Chase Bank, N.A.* in matters wholly unrelated to the instant bankruptcy case;

(e)    *CT Corporation System* is listed as a creditor or interested party of the Debtor. Berger Singerman represented *CT Corporation System* in matters wholly unrelated to the instant bankruptcy case.   These matters have concluded.   In addition, Berger Singerman has represented a number of clients who are adverse to *CT Corporation System* in that they have incurred a debt to or asserted claims against *CT Corporation System* in matters wholly unrelated to the instant bankruptcy case;

(f)    There are numerous creditors or interested parties of the Debtor which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to the instant bankruptcy case. These parties include: *Ace Funding, Alpha Capital Management, Altus Receivables Management, American Express, Blackhawk Network, Inc., Briarcliff, CFG Merchant Solutions, Chase Ink, Chase Bank USA, N.A., CHTD Company, Corporation Service Company, Costa Vida, CPX Interactive LLC, DoorDash, Inc., First Corporate Solutions, Funding Club, Giant Food, Internal Revenue Service, Jason's Deli, Jimmy John's, MNY Capital, National Bankruptcy Services, LLC, Newco Capital Group, LLC, Ontario, Inc., Ontario Limited, Piekarski Law PLLC, Playa Bowls, Qdoba,, Qualtrics LLC, Ramp Business Corporation, Reserve Capital, LLC, State of Florida Department of Revenue, Tropical Smoothie, U.S. Small Business Administration, Winn Dixie, Wynwood Capital* and *Zendesk, Inc.*;

(g)    Individuals or entities by the names of *David Fogel, John Graham, Patrice Walker, Lynne Smith, Barbara Whitaker, Fred Keller, James Smith, James Messenger, Jeffrey O'Connor, Jeffrey Rubin, Charles Lieppe, Christopher Kelly, CK Management LLC, Ralph Tavarez, Robert Jacobs, Ronald Yellin, Michelle Harris, Michael Kushner, Paul Moran, Stuart*

*Sherman, Steven Nelson, Damien Kelly, Karla Kelly, David Braun, David Friedman, Elliot Broidy, Ellen Orlinsky, Eric Friedman, Eric Levenson, Edward Michaelson, Christopher Martinez,* and *Richard Joblove* (collectively, the "Individuals") are listed as creditors or interested parties of the Debtor. Berger Singerman has represented third parties in wholly unrelated matters whose interests may have been adverse to one or more of the Individuals. It is impossible for our firm to confirm with certainty that the individuals associated with the third-party representations are the same Individuals listed as creditors or interested parties of the Debtor;

(h)    Individuals by the names of *Andrew Friis, James Smith, Jerry Batoff,* and *David Friedman* are listed as creditors or interested parties of the Debtor. Berger Singerman formerly represented individuals by the same names in matters wholly unrelated to the instant bankruptcy case. It is impossible for our firm to confirm with certainty that *Andrew Friis, James Smith, Jerry Batoff,* and *David Friedman*, formerly represented by Berger Singerman are the same individuals who are creditors or interested parties of the Debtor; and

(i)    Berger Singerman represents privately held as well as public companies in out of court and restructuring matters (the "Non-Debtor Clients"). Several creditors of the instant Debtor may be creditors of one or more of our firm's Non-Debtor Clients. Berger Singerman's representation of the Non-Debtor Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Trustee in this case.

5.    Berger Singerman submits that none of the foregoing representations or connections constitutes a conflict of interest or in any way impairs its disinterestedness in this case.

6.    Other than as set forth in this declaration, Berger Singerman neither holds nor represents any interest adverse to the Estate and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.      Berger Singerman has agreed to undertake the role of special litigation counsel to the Trustee/Estate and has agreed to be compensated under a graduated contingency fee arrangement pursuant to Section 328(a) of the Bankruptcy Code (the "Contingency Fee") based on the following percentages of any Gross Recoveries, as that term is defined in the Application, that are realized, generated, received, obtained, or accrued to or for the benefit of the Estate from any source whatsoever (whether by settlement, recovery on judgments, claims' reductions or otherwise) from the pursuit of any of the Litigation Claims (each a "Recovery"):

   (a) For any Recovery received prior to the filing of a complaint in respect of any Litigation Claim – 35% of such Gross Recovery.

   (b) For any Recovery received after the filing of a complaint and through appeal in respect of any Litigation Claim – 40% of such Gross Recovery.

8.      Neither I nor our firm has or will represent any other entity in connection with this case, and neither I nor our firm will accept any fee from any other party or parties in this case, except the Trustee and the Estate, unless otherwise authorized by the Court.

9.      There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm.  No promises have been received by Berger Singerman nor any member, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

10.      Except as otherwise set forth herein, no attorney in the firm has any other connections with the Trustee, Debtor, United States Trustee or any employee of that office or any other parties in interest.

11.      No attorney in our firm holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

12.      No attorney in our firm is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

9

13. No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

14. No attorney in our firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

15. No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

16. No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the filing of the petition.

17. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

18. Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee (but the undersigned and several partners and many employees of Berger Singerman have personal relationships and friendships with attorneys at the Office of the United States Trustee in the Southern District of Florida), on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

19. This concludes my Declaration.

## **28 U.S.C § 1746 Declaration**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on April 3, 2026.

*/s/ Paul Steven Singerman*
PAUL STEVEN SINGERMAN

11

# EXHIBIT B

## (Engagement Letter)

35812217-6

# ≣ BERGER SINGERMAN

Paul Steven Singerman
(305) 714-4343
singerman@bergersingerman.com

April 3, 2026

**VIA ELECTRONIC MAIL: ROBERT@RABANKRUPTCY.COM**

Robert A. Angueira, Trustee
16 SW 1st Ave.
Miami, FL 33131

Re:    Engagement Letter – In re Moocho, Inc., Case No. 26-10911-CLC

Dear Robert:

This letter will confirm the understanding that the law firm Berger Singerman LLP (the "Firm") will represent you, as special litigation counsel, in your capacity a Chapter 7 Trustee ("Client"), in the following case, subject to Bankruptcy Court approval pursuant to 11 U.S.C. § 327:

In re Moocho, Inc. (the "Debtor"), Case No. 26-10911-CLC (the "Matter").

In connection with this engagement, the Firm will investigate, analyze, and, if appropriate, pursue any and all claims or causes of action of the Debtor's estate (the "Estate") (including, without limitation, claims under chapter 5 of Title 11 of the United States Code, director and officer liability claims, professional liability claims, and aiding and abetting claims) against any person or entity (collectively, the "Litigation Claims"). Such representation may include all pretrial, trial, appellate, and post-judgment proceedings relating to the Litigation Claims.

Subject to the approval of the Court, the Firm understands and agrees that payment of its fees and costs in the respective Matter shall be on a graduated contingency fee (the "Contingency Fee") based upon the following percentages of any Gross Recoveries[1] that are realized, generated, received, obtained, or accrued to or for the benefit of the Estate, from any source whatsoever (whether by settlement, recovery on judgments, claims' reductions or otherwise) from the pursuit of any of the Litigation Claims (each a "Recovery"):

---

[1] As used herein, "Gross Recoveries" shall mean all gross proceeds received by the Estate in the matter through settlement or otherwise, including, but not limited to, settlement proceeds, compensatory and all other legal or equitable damages, prejudgment interest, punitive damages, post-judgment interest, reduction or disallowance in the amount of any claim(s) asserted against the Estate (the "Claim Reduction") by the defendants or litigation targets. If prosecution and settlement efforts involve a Claim Reduction, then Berger Singerman shall be compensated for such Claim Reduction based on the application of the

Robert A. Angueira, Trustee
March 24, 2026
Engagement of Berger Singerman LLP
Page **2** of **3**

    a.    For any Recovery received prior to the filing of a complaint in respect of any Litigation Claim – 35% of such Gross Recovery.

    b.    For any Recovery received after the filing of a complaint and through any appeals in respect of any Litigation Claim – 40% of such Gross Recovery.

Further, in addition to legal fees, the Firm will also seek payment for all costs and expenses incurred in connection with the investigation and prosecution of the Litigation Claims, including, without limitation, the fees and costs of any experts retained in connection therewith. In the event that Berger Singerman advances any such fees and costs, Berger Singerman shall be entitled to reimbursement thereof in addition to the Contingency Fee.

This agreement and the entire relationship between Client and the Firm shall be construed and governed by the laws of the State of Florida. The Firm and Client agree that this agreement is subject to Bankruptcy Court approval and the Bankruptcy Court shall retain exclusive jurisdiction to: (a) enforce, implement and interpret the terms and provisions of this agreement; and (b) resolve any disputes, controversies or claims arising out of or relating to this agreement.

If this letter accurately describes the agreement and understating between Client and the Firm, please sign the letter on the signature line directly above your name, date the letter, and return a copy of the executed letter to me at singerman@bergersingerman.com and hmoreno@bergersingerman.com.

My signature on this letter represents the Firm's agreement to fully and ethically represent the Client in regard to the Matter under the terms and conditions set forth above.

Sincerely,

BERGER SINGERMAN

Paul Steven Singerman

Contingency Fee formula set forth above, multiplied by the dividend payable in respect of a like claim by the Estate.

**BERGER SINGERMAN**

Robert A. Angueira, Trustee
March 24, 2026
Engagement of Berger Singerman LLP
Page **3** of **3**

I, Robert A. Angueira, solely in my capacity as Chapter 7 Trustee of the above listed bankruptcy estate hereby acknowledge that I have read and understood the terms and conditions set forth in this agreement, and that I am knowingly and voluntarily executing this agreement for professional legal services on behalf of the bankruptcy estate.

Date: April ⎯3⎯, 2026

_____
ROBERT A. ANGUEIRA, TRUSTEE

**ᴱ BERGER SINGERMAN**

**EXHIBIT C**

**(Proposed Order)**

35812217-6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

IN RE:                                                                    Case No. 26-10911-CLC

MOOCHO, INC.,                                                      Chapter 7

     Debtor.

_____/

**ORDER APPROVING TRUSTEE'S APPLICATION FOR APPROVAL OF**
**EMPLOYMENT OF PAUL STEVEN SINGERMAN AND BERGER SINGERMAN**
**LLP, AS SPECIAL LITIGATION COUNSEL, AND APPROVING CONTINGENCY**
**FEE ARRANGEMENT, EFFECTIVE AS OF THE DATE OF THE**
**FILING OF THE APPLICATION**

**THIS MATTER** came before the Court for hearing on _____, 2026, at_____

a.m./p.m., in Miami, Florida, upon the *Trustee's Application For Approval of Employment of Paul*

*Steven Singerman and Berger Singerman LLP, as Special Litigation Counsel, and Approving*

*Contingency Fee Arrangement, Effective as of the Date of the Filing of the Application* (the

"Application") [ECF No. _____].   The Court, having considered the Application and the

*Declaration of Paul Steven Singerman, on Behalf of Berger Singerman LLP, as Proposed Special*

*Litigation Counsel to Robert A. Angueira, Chapter 7 Trustee* (the "Singerman Declaration") attached to the Application as **Exhibit A** filed by Robert A. Angueira, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Moocho, Inc. (the "Debtor"), finding that the Singerman Declaration makes disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016 and contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Berger Singerman[1] does not hold or represent any interest adverse to the Estate and that Berger Singerman is disinterested as required by 11 U.S.C. § 327(a), and finding that Berger Singerman's employment as special litigation counsel to the Trustee is necessary and would be in the best interests of the Debtor, the Estate, and all parties-in-interest.  Accordingly, it is

    **ORDERED** as follows:

    1.    The Application is **APPROVED**, effective as of the date of the filing of the Application.

    2.    The employment by the Trustee of Berger Singerman, pursuant to the terms and conditions set forth in the Application and the Engagement Letter, is **APPROVED** pursuant to 11 U.S.C. §§ 105(a), 327(a), and 328(a), as special litigation counsel to the Trustee to investigate, analyze, and, if appropriate, pursue any and all claims or causes of action of the Estate (including, without limitation, claims under chapter 5 of Title 11 of the United States Code, director and officer liability claims, professional liability claims, and aiding and abetting claims) against any person or entity (collectively, the "Litigation Claims").  Such representation may include all pretrial, trial, appellate, and post-judgment proceedings relating to the Litigation Claims.

    3.    The contingency fee arrangement described in the Application is **APPROVED**. The Trustee is authorized to pay Berger Singerman a graduated contingency fee based on the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

2

following percentages of any Gross Recoveries that are realized, generated, received, obtained, or accrued to or for the benefit of the Estate from any source whatsoever (whether by settlement, recovery on judgments, claims' reductions or otherwise) from the pursuit of any of the Litigation Claims (each, a "Recovery"):

    a. For any Recovery received prior to the filing of a complaint in respect of any Litigation Claim – 35% of such Gross Recovery.

    b. For any Recovery received after the filing of a complaint and through any appeals in respect of any Litigation Claim – 40% of such Gross Recovery.

4.    In its discretion, Berger Singerman may advance payment of litigation related costs pertaining to the investigation or prosecution of any Litigation Claim, and/or expert witness and consulting fees and costs, with the Estate being responsible to reimburse Berger Singerman for such costs upon application to the Court subject to the availability of funds in the Estate to do so. Reimbursement of such costs shall be in addition to any contingency fee due to Berger Singerman.

5.    Any request by Berger Singerman for payment of compensation in connection with any Litigation Claim shall be included (i) in each respective motion to approve settlements pursuant to Fed. R. Bankr. P. 9019 with such request clearly set forth in the title to such motion, and/or (ii) in a motion for payment of contingency fees in the event a Recovery is obtained by means other than through a settlement required to be approved by the Court.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
Email:  singerman@bergersngerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

4