

**ORDERED in the Southern District of Florida on April 27, 2026.**

**Corali Lopez-Castro, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

IN RE:                                                              Case No. 26-10911-CLC

MOOCHO, INC.,                                              Chapter 7

     Debtor.

_____/

**ORDER APPROVING TRUSTEE'S APPLICATION FOR APPROVAL OF**
**EMPLOYMENT OF PAUL STEVEN SINGERMAN AND BERGER SINGERMAN**
**LLP, AS SPECIAL LITIGATION COUNSEL, AND APPROVING CONTINGENCY**
**FEE ARRANGEMENT, EFFECTIVE AS OF THE DATE OF THE**
**<u>FILING OF THE APPLICATION</u>**

**THIS MATTER** came before the Court for hearing on April 23, 2026, at 11:00 a.m., in

Miami, Florida, upon the *Trustee's Application For Approval of Employment of Paul Steven*

*Singerman and Berger Singerman LLP, as Special Litigation Counsel, and Approving*

*Contingency Fee Arrangement, Effective as of the Date of the Filing of the Application* (the

"<u>Application</u>") [ECF No. 60]. The Court, having considered the Application and the *Declaration*

*of Paul Steven Singerman, on Behalf of Berger Singerman LLP, as Proposed Special Litigation*

*Counsel to Robert A. Angueira, Chapter 7 Trustee* (the "Singerman Declaration") attached to the Application as **Exhibit A** filed by Robert A. Angueira, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Moocho, Inc. (the "Debtor"), finding that the Singerman Declaration, as supplemented on the record, makes the disclosures required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016 and contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Berger Singerman[1] does not hold or represent any interest adverse to the Estate and that Berger Singerman is disinterested as required by 11 U.S.C. § 327(a), and finding that Berger Singerman's employment as special litigation counsel to the Trustee is necessary and would be in the best interests of the Debtor, the Estate, and all parties-in-interest.  Accordingly, it is

**ORDERED** as follows:

1.       The Application is **APPROVED**, effective as of the date of the filing of the Application.

2.       The employment by the Trustee of Berger Singerman, pursuant to the terms and conditions set forth in the Application and the Engagement Letter, is **APPROVED** pursuant to 11 U.S.C. §§ 105(a), 327(a), and 328(a), as special litigation counsel to the Trustee to investigate, analyze, and, if appropriate, pursue any and all claims or causes of action of the Estate (including, without limitation, claims under chapter 5 of Title 11 of the United States Code, director and officer liability claims, professional liability claims, and aiding and abetting claims) against any person or entity (collectively, the "Litigation Claims").  Such representation may include all pretrial, trial, appellate, and post-judgment proceedings relating to the Litigation Claims.

3.       The contingency fee arrangement described in the Application is **APPROVED**. The Trustee is authorized to pay Berger Singerman a graduated contingency fee based on the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

following percentages of any Gross Recoveries that are realized, generated, received, obtained, or accrued to or for the benefit of the Estate from any source whatsoever (whether by settlement, recovery on judgments, claims' reductions or otherwise) from the pursuit of any of the Litigation Claims (each, a "Recovery"):

    a. For any Recovery received prior to the filing of a complaint in respect of any Litigation Claim – 35% of such Gross Recovery.

    b. For any Recovery received after the filing of a complaint and through any appeals in respect of any Litigation Claim – 40% of such Gross Recovery.

4.      Notwithstanding anything in the Engagement Letter to the contrary, (i) Berger Singerman's contingency fee on account of the waiver, reduction or disallowance of a Claim (other than a Claim arising under Section 502(h) of the Bankruptcy Code), shall be calculated based on the amount of the distribution such Claim would have received but for such waiver, reduction or disallowance (as opposed to the amount of the waiver, reduction or disallowance of such Claim), and (ii) Berger Singerman shall not receive a fee on account of a waiver or reduction in the amount of a Claim asserted under Section 502(h) of the Bankruptcy Code.

5.      In its discretion, Berger Singerman may advance payment of litigation related costs pertaining to the investigation or prosecution of any Litigation Claim, and/or expert witness and consulting fees and costs, with the Estate being responsible to reimburse Berger Singerman for such costs upon application to the Court subject to the availability of funds in the Estate to do so. Reimbursement of such costs shall be in addition to any contingency fee due to Berger Singerman.

6.      Any request by Berger Singerman for payment of compensation in connection with any Litigation Claim shall be included (i) in each respective motion to approve settlements pursuant to Fed. R. Bankr. P. 9019 with such request clearly set forth in the title to such motion,

and/or (ii) in a motion for payment of contingency fees in the event a Recovery is obtained by means other than through a settlement required to be approved by the Court.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
Email:  singerman@bergersngerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*