UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE: Case No. 26-10911-CLC

MOOCHO, INC., Chapter 7

Debtor.
_______________________________________/

# NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, **Robert A. Angueira, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Moocho, Inc. (the "Debtor")**, will examine the Debtor, **Moocho, Inc.** under oath on **October 16, 2026, at 10:00 a.m.**[1] The examination will be conducted at **Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131**, and will be recorded stenographically. The examination may continue from day to day until completed.

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, **Robert A. Angueira, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Moocho, Inc. (the "Debtor")**, requests that the Debtor, **Moocho, Inc.** produce the documents, electronically stored information, or objects described on **Schedule A** attached hereto, who must permit inspection, copying, testing, or sampling of the materials on **September 23, 2026, no later than 5:00 p.m.,** at **Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131**.[2] Under Local

---

[1] The date and time set forth above are provided for scheduling purposes. The Trustee is willing to meet and confer regarding the date, time, and location of the examination, and will work with You in good faith to identify a mutually agreeable date and time if necessary.

[2] If you are located more than 100 miles from the place of compliance, please contact the undersigned to arrange logistics for production.

Rule 2004-1(d), subsections (b)(2)(B)–(E) of Fed. R. Civ. P. 34 apply to responses and objections to this request.

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, a subpoena is attached to this notice.

Dated: September 4, 2026

BERGER SINGERMAN LLP
*Counsel to Trustee*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: *_/s/ Paul Steven Singerman_*
Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com
Jordi Guso
Florida Bar No. 863580
jguso@bergersingerman.com
Erin M. Hoskins
Florida Bar No. 1003283
ehoskins@bergersingerman.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 4, 2026, a true and correct copy of the foregoing was served (i) electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as indicated on the attached CM/ECF Service List; and (ii) by first class, U.S. Mail upon the Debtor, Moocho, Inc., Attn.: Matthew Levenson, 1815 Purdy Ave., Miami Beach, FL 33139, and Moocho, Inc., Attn.: Matthew Levenson, 32158 Camino Capistrano, Ste. A, PMB 321, San Juan Capistrano, CA 92675, and Debtor's counsel, Thomas G. Zeichman, Esq., Zeichman Law, 2385 NW Executive Center Dr., Ste. 300, Boca Raton, FL 33431-8530.

By */s/ Paul Steven Singerman*
Paul Steven Singerman

**CM/ECF SERVICE LIST**

- **Robert A Angueira** trustee@rabankruptcy.com, fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabankruptcy.com;lillian@rabankruptcy.com
- **Yanay Galban** yanay@rabankruptcy.com, robert@rabankruptcy.com
- **Paul A Humbert** pa@pahumbertlaw.com, eservice@pahumbertlaw.com
- **Danielle Merola** dmerola@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com
- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **Jimmy D. Parrish** jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com
- **Steven D Schneiderman** Steven.D.Schneiderman@usdoj.gov
- **Paul Steven Singerman** singerman@bergersingerman.com, hmoreno@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Niki M Sturm** nsturm@kaminskilawpllc.com
- **Maria Yip** trustee@yipcpa.com, mmy@trustesolutions.net;cmmy11@trustesolutions.net;F012@ecfcbis.com
- **Thomas G Zeichman** tom@zeichmanlaw.com, g67999@notify.cincompass.com;zeichman.thomasb@notify.bestcase.com

# SCHEDULE A

## DEFINITIONS

1. “You” or “Your” as used herein means Moocho, Inc. and includes any and all agents, employees, servants, officers, directors, attorneys, accountants and any other person or entity acting or purporting to act on its behalf, as well as any affiliates, subsidiaries, predecessors, successors and/or assigns, and their managers, members, officers, directors and shareholders, and any partnership or joint venture to which it may be a party.

2. “Debtor” or “Moocho, Inc.” as used herein means Moocho, Inc. and includes any and all agents, employees, servants, officers, directors, attorneys, accountants and any other person or entity acting or purporting to act on its behalf, as well as any affiliates, subsidiaries, predecessors, successors and/or assigns, and their managers, members, officers, directors and shareholders, and any partnership or joint venture to which it may be a party.

3. The term “affiliate” shall have the meaning ascribed to that term in Section 101(2) of the Bankruptcy Code.

4. “Communications” mean any oral or written statement, dialogue, colloquy, discussion, or conversation and, also mean any transfer of thoughts or ideas between persons by means of documents and includes a transfer of data from one location to another by electronic or similar means (including, without limitation, by email, text, WhatsApp, social media direct message, or otherwise).

5. “Documents” is synonymous in meaning and equal in scope to its usage in Federal Rule of Civil Procedure 34(a)(1), which states “any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form” or any designated tangible things, or entry onto land or other property.

Further, “Documents” shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

"Documents" shall also include all electronic data storage documents or electronically stored information (ESI), including but not limited to, e-mails and any related attachments, electronic files or other data compilations. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software and inactive or unused computer disc storage areas. ESI shall be produced in the format described in **Schedule B** hereto.

The term "Document" refers to any document now or at any time in Your possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

6. The term "entity" shall have the meaning ascribed to that term in Section 101(15) of the Bankruptcy Code.

7. All terms not otherwise defined herein shall be given their common meaning or as otherwise defined by statute, law, or rule, including the Bankruptcy Code.

8. The terms "relating to," "reflecting," "concerning" or "referring to" shall mean: pertains to, refers to, contains, reflects, relates to, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts and contradicts, or in any way legally, logically, or factually be connected with the matter discussed.

9. "Regarding" means related to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, tending to establish, delegating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing representing, constituting, or including

10. As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any request.

11. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any request.

## INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of Berger Singerman LLP, 1450 Brickell Ave., Ste. 1900, Miami, FL 33131, attention Paul Steven Singerman, Esq., Jordi Guso, Esq., and Erin Hoskins, Esq., on or before the date set for examination.

2. All information is to be produced as it is kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there is no information in response to a particular request, or if You withhold any responsive documents or categories of documents based on any objections, You shall state so in writing.

3. Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example: (a) documents created using Microsoft Word must be produced as .DOC or .DOCX files; and (b) emails must be produced in a form that readily supports import into standard email client programs. The format of production requested is set forth in greater detail in the **Production of Electronically Stored Information (ESI) FORM OF PRODUCTION** document appended hereto. If You have any questions about how to produce ESI, please contact counsel for the movant. ESI shall be produced in the format described in **Schedule B** hereto.

4. Any document responsive to a request should be produced in and with a file folder and other document (e.g., envelope, file cabinet marker) in or with which the document was located when this request was served.

5. You must produce all documents within your case, custody or control that are responsive to any of these requests. A document is within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

6. In responding to these requests, include documents obtained on Your behalf by Your counsel, employees, agents, or any other persons acting on Your behalf. If Your response is that the documents are not within Your possession or custody, describe in detail the unsuccessful efforts You made to locate each such document. If Your response is that documents are not under Your control, identify who has control and the location of the documents.

7. If any document was, but no longer is, in Your possession, subject to Your control, or in existence, include a statement: (a) identifying the document; (b) describing where the document is now; (c) identifying who has control of the document; (d) describing how the document became lost or destroyed or was transferred; and (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from Your possession, custody, or control.

8. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its

entirety.

9. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

10. If in responding to these requests, You in good faith believe You encounter any ambiguity, You shall set forth the matter deemed ambiguous with specificity and the specific construction used in responding.

11. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document: (a) the ground of privilege or protection claimed; (b) every basis for the privilege or protection claimed; (c) the type of document; (d) its general subject matter; (e) the document's date; and (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claimed.

12. If you assert that any document sought by any request is protected against disclosure as the attorney's work product doctrine or by the attorney-client privilege, you shall provide the following information with respect to such document: (a) the name and capacity of the person or persons who prepared the documents; (b) the name and capacity of all addresses or recipients of the original or copies thereof; (c) the date, if any, borne by the document; (d) a brief description of its subject matter and physical size; (e) the source of the factual information from which such document was prepared; and (f) the nature of the privilege claimed.

13. If You object to any document request on any ground other than privilege, You must specify: (a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and (b) whether any responsive materials are being withheld on the basis of an objection.

14. To the extent You assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

15. If there are no documents in response to any particular request, You shall state so in writing.

16. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

17. Unless otherwise specified herein, the time frame for each request is from and including **January 1, 2022 through present** to the present.

18. For the convenience of the Court and the parties, each request should be quoted in full immediately preceding the response thereto.

19. These requests are continuing, and Your response to these requests must be promptly supplemented when appropriate or necessary.

20. When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

## DOCUMENTS REQUESTED

1. Any and all bank statements and supporting documents, deposit slips, deposited items, cancelled checks, wires, transfer advices, cashier's checks, Zelle/Venmo/Cash App or other similar app transfer transaction details and withdrawal advices from bank accounts held in the name of the Debtor, including but not limited to accounts held at Green Dot Bank, Del Norte Bank, Deutsche Bank, and Capital One Bank, NA.

2. Any and all bank statements and supporting documents, deposit slips, deposited items, cancelled checks, wires, transfer advices, cashier's checks, Zelle/Venmo/Cash App or other similar app transfer transaction details and withdrawal advices from bank accounts held in the name of any affiliates of the Debtor, including but not limited to accounts held at Green Dot Bank, Del Norte Bank, Deutsche Bank, and Capital One Bank, NA, in the names of Moochomoocho, Inc., Pepper, and/or any other affiliates of the Debtor.

3. Any and all credit card statements for accounts held in the name of the Debtor, Moochomoocho, Inc., Pepper, and/or any other affiliates of the Debtor, including but not limited to the following credit cards:

   a. American Express credit card x1003 held in the name of Moocho, Inc.
   b. JPMorgan Chase Ink Card x7270 held in the name of Matthew Levenson/Moocho, Inc.
   c. JPMorgan Chase Card x5342 (including documents identifying all account holders).
   d. JPMorgan Chase Card x4310 (including documents identifying all account holders).

4. Any and all payroll registers (annual), payroll tax returns (quarterly and annual), and Forms W-3 and Forms W-2 for Moocho, Inc.

5. Any and all documents related to the Debtor's Ramp account, including detailed transaction history, documents showing receipt of funds, and uses of funds transferred to Ramp. With respect to this request, it is related to transfers reflected on the Debtor's bank statement that are referenced as "Orig CO Name: Ramp Statement Orig ID: 9186939000" and the account that is referenced in these transactions.

6. Any and all financial statements, profit and loss statements, income statements, balance sheets, general ledgers, tax returns, audited financials, compilations, reviewed financials or other financial statements or reports of or pertaining to the Debtor.

7. Back up copy of the Debtor's QuickBooks or other accounting software maintained during the period of January 1, 2022, through present.

8. Any and all books and records of the Debtor, including but not limited to customer files, agreements, invoices, vendor files, ~~payroll reports~~, loan agreements, and promissory notes.

9. Any and all correspondence, emails, text messages, instant messages, letters, and any other written or electronic Communications of the Debtor.

10. Any and all tax returns of the Debtor and supporting documents, including but not limited to

a. State and Federal Income Tax Returns for the years of 2022, 2023, 2024, and 2025;
b. Payroll Tax Returns for the period of January 2022 through March 31, 2026; and
c. Sales and Use Tax Returns for the period of January 2022 through March 31, 2026.

**SCHEDULE B**
**FORMAT OF PRODUCTION**

**Production of Electronically Stored Information (ESI)**

**Instructions**

Please provide all responsive Documents in electronic format in accordance with the below specifications. All objections to format must be made in accordance with the applicable rule of procedure prior to production.

**Delivery Format**

**A. TIFF+ Production**

1. Requesting party requests that all electronically stored information ("ESI") be produced in a structured format including industry standard load files, images, searchable text files, and native files where so required.

**B. Image Requirements**

1. All ESI will be produced in 300 DPI resolution or greater Group IV Monochrome single-page TIFF files, except:
    a. Where TIFF images are illegible due to color content (such as colored text on a colored background), or where color is material to the interpretation of a document, ESI will be produced in 300 DPI resolution or greater single-page JPG files.
    b. All unredacted documents of the types below will be produced in Native format with TIFF slipsheet:
        1. Spreadsheets
        2. PowerPoint or similar presentations
        3. Databases
        4. Photographs
        5. audio and video files
        6. documents in formats that when rendering the file to TIFF would not result in viewable images.
2. All small and oversized images should be resized to fit on 8.5x11 canvas.
3. All documents which contain tracked changes such as comments, deletion and revision marks, speaker notes, or other user-entered data that the source application can display to the user will be processed such that all that data is visible in the image.
4. Bates numbers should be endorsed on all image files in a unique and consistent matter without obscuring any part of the underlying image.

**C. Native File Requirements**

1. The file name for documents produced in Native File format shall be the same as the Bates number of the document.
2. Presentations, including PowerPoint slides, should be produced natively to

include the full slide image together with any speaker notes following the appropriate slide image.

3. Spreadsheets should be produced natively to include all hidden information in the spreadsheet file (e.g., rows, columns and comments.)
4. All files produced natively shall be accompanied by a TIFF slipsheet endorsed with the file name, the legend "Document Produced in Native Format," and the level of confidentiality pursuant to any applicable protective order in this case.
5. The original file name of each natively produced document shall be produced as metadata.

**D. Text Requirements**

1. For each document produced, a single Unicode text file containing extracted text shall be provided.
2. The text file name shall be the same as the Bates number of the first page of the document.
3. File names shall not have any special characters or embedded spaces.
4. Electronic text must be extracted directly from the native electronic file to the extent reasonably feasible, unless the document is an image file or contains redactions, in which case a text file created using OCR should be produced in lieu of extracted text.

**E. Metadata Requirements**

1. The following metadata fields will be produced:

| **Metadata Field** | **Field Description** |
|---|---|
| Production Begin Bates | First Bates identifier of document |
| Production End Bates | Last Bates identifier of document |
| Production Begin Attachment | First Bates identifier of attachment range |
| Production End Attachment | Last Bates identifier of attachment range |
| All Custodians | All custodians, both deduplicated and primary, associated with a document |
| Attachment Count | Number of files attached to a parent document |
| Attachment List | Attachment file names **of** all child documents in a family group, only present on parent document |
| Attachment Range | Bates identifier of the first page of the parent document to the Bates identifier of the last page of the last attachment "child" document |
| Authors | Original composer of document or sender of email message |
| Custodian | Custodian associated with the document |
| Date Time Created | Date and time at which a document was created (MM/DD/YYYY HH:MM:SS AM or PM) |
| Date Time Last Modified | Date and time at which a document was last modified (MM/DD/YYYY HH:MM:SS AM or PM) |
| Date Time Last Saved | Date and time at which a document was last saved (MM/DD/YYYY HH:MM:SS AM or PM) |

| | |
|---|---|
| Date Time Received | Date and time at which an email was received (MM/DD/YYYY HH:MM:SS AM or PM) |
| Date Time Sent | Date and time at which an email was sent (MM/DD/YYYY HH:MM:SS AM or PM) |
| Document Title | Title provided by user within the document |
| Email BCC | Blind carbon copy recipient(s), separated by semicolons |
| Email CC | Carbon copy recipient(s), separated by semicolons |
| Email From | Name and email address of the sender of an email document |
| Email Message Header | Full string of values contained in an email message header |
| Email Message ID | Message number created by an email application |
| Email Store Name | Name of PST/NSF file which contained the email document |
| Email To | Name and email address of the recipient(s) of an email document |
| Email Unread Flag | Yes/no indicator of whether an email was not read |
| Excel Hidden Columns | Indicator of whether an Excel file contains one or more hidden columns (Y/N) |
| Excel Hidden Rows | Indicator of whether an Excel file contains one or more hidden rows (Y/N) |
| Excel Hidden Worksheets | Indicator of whether an Excel file contains one or more hidden worksheets (Y/N) |
| File Extension | The extension of the original file of the document |
| File Name | Original name of document as it appeared in the location where it was collected |
| File Size | Size of original native file in KB |
| File Type | Description that represents the file type of the document |
| Hidden Content | Denotes presence of Tracked Changes/Hidden Content/Embedded Objects in document (Y/N) |
| Logical (Source) Path | Originating path where native file document was collected including original file name |
| MD5 Hash | MD5 hash |
| Metadata Comments | Comments extracted from the metadata of the native file |
| Password Protected | Decryption status of password protected document |
| PowerPoint Hidden Slides | Indicator of whether a PowerPoint file contains hidden slides (Y/N) |
| Production Image Count | Page count of imaged document |
| Subject | Subject of an email document |
| Word Hidden Text | Indicator of whether a Word file contains hidden text (Y/N) |
| Word Revisions | The internal value for the revision number within a Microsoft Word file |
| Native Path | Link to native files produced |
| Text Path | Link to text files produced |

1.

**F. Load File Requirements**

1. Extracted data, including but not limited to all Metadata Requirements, will be produced in Concordance DAT format with standard Concordance delimiters.
2. The first line of the data file must be a header row identifying the field names.
3. Date fields in the data file will be provided in MM/DD/YYYY HH:MM:SS AM or PM format.
4. All attachments should sequentially follow the parent document and include the appropriate Begin Attachment and End Attachment fields designating the parent and attachment relationships.
5. Image load files will be provided in Opticon OPT format.

**G. Folder Structure**

1. The files should be delivered with the following folder structure:
   a. IMAGES – contains the TIFF and JPG files, subfoldered as "0001," "0002," etc. with up to 10,000 items per subfolder.
   b. DATA – contains the DAT and OPT files.
   c. NATIVES – contains the original native files named as the Production Begin Bates number.
   d. TEXT – contains the document-level Extracted or OCR text files named as the Production Begin Bates number.

**H. Treatment of Redacted Documents**

1. Redacted documents will be produced as 300 DPI resolution or greater Group IV monochrome single-page TIFF or color JPG files as appropriate without redacted information.
2. By agreement, native files will not be produced for redacted documents.
3. Any redacted material must be clearly labeled on the face of the document as having been redacted.
4. Metadata for redacted documents will be produced except for, by agreement, metadata which discloses the content of redacted information, and shall include a field designating the documents as redacted.
5. Text for redacted documents will be produced as OCR text.

## Production of Electronically Stored Information (ESI)

### Instructions

Please provide all responsive Documents in electronic format in accordance with the below specifications. All objections to format must be made in accordance with the applicable rule of procedure prior to production.

**Delivery Format**

**I. TIFF+ Production**

1. Requesting party requests that all electronically stored information ("ESI") be

produced in a structured format including industry standard load files, images, searchable text files, and native files where so required.

**J. Image Requirements**

1. All ESI will be produced in 300 DPI resolution or greater Group IV Monochrome single-page TIFF files, except:
    a. Where TIFF images are illegible due to color content (such as colored text on a colored background), or where color is material to the interpretation of a document, ESI will be produced in 300 DPI resolution or greater single-page JPG files.
    b. All unredacted documents of the types below will be produced in Native format with TIFF slipsheet:
        1. Spreadsheets
        2. PowerPoint or similar presentations
        3. Databases
        4. Photographs
        5. audio and video files
        6. documents in formats that when rendering the file to TIFF would not result in viewable images.
2. All small and oversized images should be resized to fit on 8.5x11 canvas.
3. All documents which contain tracked changes such as comments, deletion and revision marks, speaker notes, or other user-entered data that the source application can display to the user will be processed such that all that data is visible in the image.
4. Bates numbers should be endorsed on all image files in a unique and consistent matter without obscuring any part of the underlying image.

**K. Native File Requirements**

1. The file name for documents produced in Native File format shall be the same as the Bates number of the document.
2. Presentations, including PowerPoint slides, should be produced natively to include the full slide image together with any speaker notes following the appropriate slide image.
3. Spreadsheets should be produced natively to include all hidden information in the spreadsheet file (e.g., rows, columns and comments.)
4. All files produced natively shall be accompanied by a TIFF slipsheet endorsed with the file name, the legend "Document Produced in Native Format," and the level of confidentiality pursuant to any applicable protective order in this case.
5. The original file name of each natively produced document shall be produced as metadata.

**L. Text Requirements**

1. For each document produced, a single Unicode text file containing extracted text shall be provided.
2. The text file name shall be the same as the Bates number of the first page of the document.

3. File names shall not have any special characters or embedded spaces.
4. Electronic text must be extracted directly from the native electronic file to the extent reasonably feasible, unless the document is an image file or contains redactions, in which case a text file created using OCR should be produced in lieu of extracted text.

**M. Metadata Requirements**

1. The following metadata fields will be produced:

| **Metadata Field** | **Field Description** |
|---|---|
| Production Begin Bates | First Bates identifier of document |
| Production End Bates | Last Bates identifier of document |
| Production Begin Attachment | First Bates identifier of attachment range |
| Production End Attachment | Last Bates identifier of attachment range |
| All Custodians | All custodians, both deduplicated and primary, associated with a document |
| Attachment Count | Number of files attached to a parent document |
| Attachment List | Attachment file names **of** all child documents in a family group, only present on parent document |
| Attachment Range | Bates identifier of the first page of the parent document to the Bates identifier of the last page of the last attachment "child" document |
| Authors | Original composer of document or sender of email message |
| Custodian | Custodian associated with the document |
| Date Time Created | Date and time at which a document was created (MM/DD/YYYY HH:MM:SS AM or PM) |
| Date Time Last Modified | Date and time at which a document was last modified (MM/DD/YYYY HH:MM:SS AM or PM) |
| Date Time Last Saved | Date and time at which a document was last saved (MM/DD/YYYY HH:MM:SS AM or PM) |
| Date Time Received | Date and time at which an email was received (MM/DD/YYYY HH:MM:SS AM or PM) |
| Date Time Sent | Date and time at which an email was sent (MM/DD/YYYY HH:MM:SS AM or PM) |
| Document Title | Title provided by user within the document |
| Email BCC | Blind carbon copy recipient(s), separated by semicolons |
| Email CC | Carbon copy recipient(s), separated by semicolons |
| Email From | Name and email address of the sender of an email document |
| Email Message Header | Full string of values contained in an email message header |
| Email Message ID | Message number created by an email application |
| Email Store Name | Name of PST/NSF file which contained the email document |
| Email To | Name and email address of the recipient(s) of an email document |

| | |
|---|---|
| Email Unread Flag | Yes/no indicator of whether an email was not read |
| Excel Hidden Columns | Indicator of whether an Excel file contains one or more hidden columns (Y/N) |
| Excel Hidden Rows | Indicator of whether an Excel file contains one or more hidden rows (Y/N) |
| Excel Hidden Worksheets | Indicator of whether an Excel file contains one or more hidden worksheets (Y/N) |
| File Extension | The extension of the original file of the document |
| File Name | Original name of document as it appeared in the location where it was collected |
| File Size | Size of original native file in KB |
| File Type | Description that represents the file type of the document |
| Hidden Content | Denotes presence of Tracked Changes/Hidden Content/Embedded Objects in document (Y/N) |
| Logical (Source) Path | Originating path where native file document was collected including original file name |
| MD5 Hash | MD5 hash |
| Metadata Comments | Comments extracted from the metadata of the native file |
| Password Protected | Decryption status of password protected document |
| PowerPoint Hidden Slides | Indicator of whether a PowerPoint file contains hidden slides (Y/N) |
| Production Image Count | Page count of imaged document |
| Subject | Subject of an email document |
| Word Hidden Text | Indicator of whether a Word file contains hidden text (Y/N) |
| Word Revisions | The internal value for the revision number within a Microsoft Word file |
| Native Path | Link to native files produced |
| Text Path | Link to text files produced |

2.

**N. Load File Requirements**

1. Extracted data, including but not limited to all Metadata Requirements, will be produced in Concordance DAT format with standard Concordance delimiters.
2. The first line of the data file must be a header row identifying the field names.
3. Date fields in the data file will be provided in MM/DD/YYYY HH:MM:SS AM or PM format.
4. All attachments should sequentially follow the parent document and include the appropriate Begin Attachment and End Attachment fields designating the parent and attachment relationships.
5. Image load files will be provided in Opticon OPT format.

**O. Folder Structure**

1. The files should be delivered with the following folder structure:
   a. IMAGES – contains the TIFF and JPG files, subfoldered as “0001,” “0002,” etc. with up to 10,000 items per subfolder.
   b. DATA – contains the DAT and OPT files.
   c. NATIVES – contains the original native files named as the Production

Begin Bates number.

d. TEXT – contains the document-level Extracted or OCR text files named as the Production Begin Bates number.

**P. Treatment of Redacted Documents**

1. Redacted documents will be produced as 300 DPI resolution or greater Group IV monochrome single-page TIFF or color JPG files as appropriate without redacted information.
2. By agreement, native files will not be produced for redacted documents.
3. Any redacted material must be clearly labeled on the face of the document as having been redacted.
4. Metadata for redacted documents will be produced except for, by agreement, metadata which discloses the content of redacted information, and shall include a field designating the documents as redacted.
5. Text for redacted documents will be produced as OCR text.