**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

IN RE: Case No. 26-10911-CLC

MOOCHO, INC., Chapter 7

Debtor.
_______________________________________/

**CHAPTER 7 TRUSTEE'S MOTION TO COMPEL THE DEBTOR TO TURNOVER DOCUMENTS**

Robert A. Angueira, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Moocho, Inc. ("Debtor" or "Moocho"), pursuant to 11 U.S.C. §§ 105(a), 541, and 542, and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2004 and 9016, hereby files this *Motion to Compel the Debtor to Turnover Documents* (the "Motion") seeking an order from this Court compelling the Debtor to produce and/or turnover documents which it failed to produce in response to a duly issued *Notice of Rule 2004 Examination Duces Tecum*. In support of the Motion, the Trustee states as follows:

**BACKGROUND**

1. On January 26, 2026 (the "Petition Date"), the Debtor commenced this case by the filing of a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

2. On February 13, 2026, Blackhawk Network, Inc. filed a *Motion of Blackhawk Network, Inc. to Convert Chapter 11 Case to Case Under Chapter 7* [Dkt. No. 21] (the "Motion to Convert"), seeking to convert this case to a case under Chapter 7 of the Bankruptcy Code.

3. On March 17, 2026, the Court entered an *Order Converting Case Under Chapter*

*11 to Case Under Chapter 7* [Dkt. No. 52], thereby converting the Debtor's Chapter 11 case to a case under Chapter 7.

4. On March 17, 2026, Robert A. Angueira was appointed as the Chapter 7 Trustee of the Debtor's Estate.

5. Beginning in June 2026, counsel for the Trustee conferred with counsel for the Debtor to have certain documents transferred and information provided from the Debtor to the Trustee.

6. On June 11, 2026, the Trustee sent a request for certain documents that were still needed to evaluate litigation claims (the "Document Request"). The Document Request is attached hereto as **Exhibit A**. In the Document Request, the Trustee requested, *inter alia*, access to the Debtor's QuickBooks or other accounting software (and/or a backup copy), the Debtor's books and records, financial statements, and records for certain credit cards. *See* Ex. A.

7. On June 29, 2026, the Debtor provided additional documents in response to the Document Request, but certain documents including but not limited, access to the Debtor's QuickBooks or other accounting software (and/or a backup copy), the Debtor's books and records, financial statements, and records for certain credit cards were not provided.

8. As a result of the Debtor's noncompliance with the Document Request, on September 4, 2026, the Trustee filed and subsequently served upon the Debtor a *Notice of Rule 2004 Examination Duces Tecum* and a *Subpoena for Rule 2004 Examination* (the "Rule 2004 Exam") [Dkt. No. 90]. In the Rule 2004 Exam, the Trustee requested several categories of documents from the Debtor, including the Debtor's QuickBooks or other accounting software, the Debtor's books and records, financial statements, and records for certain credit cards.

9. The deadline for the Debtor to respond to the Rule 2004 Exam and produce the

requested documents was September 23, 2026.

10. On September 23, 2026, the Debtor sent the Trustee some documents, but acknowledged that additional responsive documents were not included, and requested through October 7, 2026 to finish producing the documents.

11. Counsel for the Trustee has made multiple attempts to confer with counsel for the Debtor both by email and by telephone about the requested extension and additional responsive documents. While the Debtor provided additional documents on October 13, 2026, as of the date of this Motion, most of the requested documents and/or information have not yet been produced.

12. Specifically, the Debtor has failed to produce the following documents in response to the Rule 2004 Exam:

a. Bank records for accounts held at Green Dot Bank, Del Norte Bank, Deutsche Bank, and Capital One Bank (*see* Dkt. No. 90, p. 10, Request No. 1);

b. Bank records for accounts held in the names of Moochomoocho Inc., Pepper, and/or other affiliates of the Debtor (*see* Dkt. No. 90, p. 10, Request No. 2);

c. Credit Card Statements (*see* Dkt. No. 90, p. 10, Request No. 3);

d. Payroll registers, payroll tax returns, and Forms W-3 and Forms W-2 for Moocho, Inc. (*see* Dkt. No. 90, p. 10, Request No. 4);

e. The Debtor's financial statements, including profit and loss statements, income statements, balance sheets, general ledgers, and other similar financial statements (*see* Dkt. No. 90, p. 10, Request No. 6);

f. Back up copy of the Debtor's QuickBooks or other accounting software (*see* Dkt. No. 90, p. 10, Request No. 7);

g. Any correspondence, emails, text messages, instant messages, or other communications of the Debtor (*see* Dkt. No. 90, p. 10, Request No. 9); and

h. Income tax returns for the years of 2023, 2024, and 2025, payroll tax returns, and sales and use tax returns (*see* Dkt. No. 90, p. 10, Request No. 10).

13. Trustee requires the requested documents to evaluate the Debtor's financial condition and determine sources of recovery through the assertion of litigation claims for the benefit of the Debtor's bankruptcy estate.

**ARGUMENT**

14. Under 11 U.S.C. § 541, a debtor's books, records, and documents are property of the bankruptcy estate. 11 U.S.C. § 541(a)(1); *see also In re Tri-O-Clean, Inc.*, 230 B.R. 192, 199 (Bankr. S.D. Fla. 1998) ("Pursuant to 11 U.S.C. § 541, the books and records of the Debtor are property of the bankruptcy estate."). Pursuant to 11 U.S.C. § 542(e), subject to any applicable privileges, a bankruptcy court "may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, related to the Debtor's property or financial affairs, to turnover or disclose such recorded information to the Trustee." 11 U.S.C. § 542(e); *In re Tri-O-Clean, Inc.*, 230 B.R. at 199.

15. Pursuant to Rule 2004(c), production of documents, "may be compelled as provided in Rule 9016." Rule 9016 applies Fed. R. Civ. P. 45 to cases under the Bankruptcy Code.

16. Fed. R. Civ. P. 45 allows a subpoena to command the "production of documents, electronically stored information, or tangible things . . . ." Fed. R. Civ. P. 45(c)(2)(A); *see Whatley v. World Fuel Servs. Corp.*, No. 20-20993, 2020 WL 2616209, at *2 (S.D. Fla. May 22, 2020). Courts have granted motions to compel documents when an individual or entity has refused or failed to produce documents in response to a subpoena. *See*, *e.g.*, *Whatley*, 2020 WL 2616209 at *4 (granting motion to compel and requiring production of requested documents).

17. The documents requested by the Trustee are documents of the Debtor that are essential to facilitate the Trustee's execution of his statutory duties, and to evaluate the Debtor's

financial condition and determine sources of recovery through the assertion of litigation claims for the benefit of the Debtor's bankruptcy estate.

18. Therefore, the Chapter 7 Trustee requests an order from the Court compelling the Debtor to comply with the requirements of 11 U.S.C. § 542(e), Bankruptcy Rules 2004 and 9016, and Fed. R. Civ. P. 45, and produce all documents within its possession, custody, or control that are responsive to the Trustee's *Notice of Rule 2004 Examination Duces Tecum* and *Subpoena for Rule 2004 Examination* [Dkt. No. 90].

**Local Rule 9013-1(a) Certification**

19. The undersigned counsel certifies that on October 12, 2026, Trustee's counsel conferred with counsel for the Debtor in a good faith effort to resolve by agreement the issues raised in this Motion.

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter an Order granting this Motion; compelling the Debtor to produce the documents within its possession, custody, or control that are responsive to the Trustee's *Notice of Rule 2004 Examination Duces Tecum* and *Subpoena for Rule 2004 Examination* [Dkt. No. 90]; and granting such other and further relief as this Court deems just and proper.

DATED: October 14, 2026

Respectfully submitted,

BERGER SINGERMAN LLP
*Special Litigation Counsel to the Trustee*
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: /s/ *Erin M. Hoskins*
Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com
Jordi Guso
Florida Bar No. 863580
jguso@bergersingerman.com
Erin M. Hoskins
Florida Bar No. 1003283
ehoskins@bergersingerman.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 14, 2026, a true and correct copy of the foregoing was served by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List, and by first class, U.S. Mail to all parties listed below.

By: /s/ *Erin M. Hoskins*
Erin M. Hoskins

Moocho, Inc.
Attn.: Matthew Levenson
1815 Purdy Ave.
Miami Beach, FL 33139

Moocho, Inc.
Attn.: Matthw Levenson
32158 Camino Capistrano
Ste. A, PMB 321
San Juan Capistrano, CA 92675

**CM/ECF SERVICE LIST**

- **Robert A Angueira** trustee@rabankruptcy.com, fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabankruptcy.com;lillian@rabankruptcy.com
- **Yanay Galban** yanay@rabankruptcy.com, robert@rabankruptcy.com
- **Paul A Humbert** pa@pahumbertlaw.com, eservice@pahumbertlaw.com
- **Danielle Merola** dmerola@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com
- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **Jimmy D. Parrish** jparrish@bakerlaw.com, orlbankruptcy@bakerlaw.com;cmartin@bakerlaw.com
- **Steven D Schneiderman** Steven.D.Schneiderman@usdoj.gov
- **Paul Steven Singerman** singerman@bergersingerman.com, hmoreno@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Niki M Sturm** nsturm@kaminskilawpllc.com
- **Maria Yip** trustee@yipcpa.com, mmy@trustesolutions.net;cmmy11@trustesolutions.net;F012@ecfcbis.com
- **Thomas G Zeichman** tom@zeichmanlaw.com, g67999@notify.cincompass.com;zeichman.thomasb@notify.bestcase.com;cseaton@zeichmanlaw.com

# **EXHIBIT A**

*In re:* MOOCHO, Inc.
Case No.: 26-10911-CLC

**Document Request List – June 8, 2026**

*Petition Date – January 26, 2026; Date converted – March 17, 2026*

**Bank Records**

JPMorgan Chase Bank -

1. JPMorgan Chase Bank account ending x 3083 held in the name of MoochoMoocho Inc
    a. Deposit slips and deposited items for the period January 1, 2022, through May 31, 2025.
    b. Wire/transfer advices, ACH advices, and Zelle transaction detail for the period of January 1, 2022, through present.
    c. Withdrawal advice for $100,000 withdrawn on February 10, 2025.

Green Dot Bank -

2. Green Dot Bank statements and supporting documents (i.e. deposit slips, deposited items, cancelled checks, wires, transfer advices, cashier's checks, etc.) for accounts held in the name of the Debtor (i.e. MOOCHO Inc., Moochomoocho Inc, Pepper) or for the benefit of the Debtor during the period January 1, 2022, through present.

Del Norte Bank

3. Del Norte Bank statements and supporting documents (i.e. deposit slips, deposited items, cancelled checks, wires, transfer advices, cashier's checks, etc.) for accounts held in the name of the Pepper ACH Only External Transfers, the Debtor (i.e. MOOCHO Inc., Moochomoocho Inc, Pepper) or for the benefit of the Debtor during the period January 1, 2022 through present.

Deutsche Bank

4. Deutsche Bank Trust Company Americas statements and supporting documents (i.e. deposit slips, deposited items, cancelled checks, wires, transfer advices, cashier's checks, etc.) for accounts held in the name of MoochoMoocho Inc, the Debtor (i.e. MOOCHO Inc., Moochomoocho Inc, Pepper) or for the benefit of the Debtor during the period January 1, 2022 through present.

<u>Capital One Bank NA (Potential Related Entity Account)</u>

5. Capital One Bank NA bank statements and supporting documents (i.e. deposit slips, deposited items, cancelled checks, wires, transfer advices, cashier's checks, etc.) for accounts held in the name of Moocho Adams St LLC, the Debtor (i.e. MOOCHO Inc., Moochomoocho Inc, Pepper) or for the benefit of the Debtor during the period January 1, 2022 through present.

**Credit Card Statements**

6. American Express credit card statements for accounts held in the name of the Debtor, (i.e. MOOCHO Inc., Moochomoocho Inc, Pepper) during the period January 1, 2022, through March 17, 2026, including but not limited to:

    a. American Express x1003 held in the name of Moocho Inc.

7. JPMorgan Chase Credit card statements for accounts held in the name of the Debtor, (i.e. MOOCHO Inc., Moochomoocho Inc, Pepper) during the period January 1, 2022, through March 17, 2026, including but not limited to:

    a. Chase Ink Card x7270 held in the name of Matthew Levenson/ Moocho Inc.

    b. Identify the Account holders for the following Chase Cards:

        i. Card ending in 5342

        ii. Card ending in 4310

        iii. If these cards were held by the Debtor or an insider of the Debtor, please provide statements for these accounts.

**ADP**

8. Payroll registers (annual), payroll tax returns (quarterly and annual), and Form W-3 and Form W-2s for MOOCHO, Inc. during the period January 1, 2022, through March 31, 2026.

**Ramp**

9. Report detailing transaction history including receipt and uses of funds transferred to Ramp.

**Corporate Books and Records and Financial Documents**

10. Back up copy of Debtor's QuickBooks or other accounting software maintained during the period January 1, 2022, through present.

11. Debtor's books and records including but not limited to:

    a. Customer files, including agreements and invoices;

    b. Vendor files, including agreements and invoices

    c. Payroll reports;

    d. Loan agreements; and

    e. Promissory notes.

12. Financial Statements (i.e. balance sheet, income statement and general ledgers) for the period of January 1, 2022, through March 17, 2026 for MOOCHO, Inc., including but not limited to:

    a. Audited Financials

    b. Compilations

    c. Reviewed financials

13. Copy of Debtor's emails.

**Tax Returns**

14. Income Tax Returns for MOOCHO, Inc. for the year(s): 2022, 2023, 2024, and 2025.

15. Payroll Tax Returns for MOOCHO, Inc. for the period January 2022 through March 31, 2026.

16. Sales and Use Tax Returns for MOOCHO, Inc. for the period January 2022 through March 31, 2026.