**ORDERED in the Southern District of Florida on November 9, 2026.**

**Corali Lopez-Castro, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re: Case No. 26-10911-CLC

MOOCHO, INC., Chapter 7

Debtor.
_______________________________________/

**STIPULATED PROTECTIVE ORDER**
**REGARDING EMAILS AND PRIVILEGE CLAWBACK**

This matter came before the Court on November 5, 2026 at 11:30 a.m. on Chapter 7 Trustee's Motion to Compel [Dkt. No. 93], which was granted with an order to follow. Moocho, Inc. and Trustee Robert A. Angueira stipulate to the protections below with respect to certain documents that are the subject of the Motion to Compel. For good cause, under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 45(e)(2)(B), made applicable by Bankruptcy Rules 9017 and 9016, respectively, it is ORDERED:

1. The stipulation is approved. This Order governs emails and attachments produced to the Trustee in response to the Rule 2004 subpoena [Dkt. No. 90].



36342652-1

2. To invoke this Order, the producing person or privilege holder must assert attorney-client privilege by written notice emailed to receiving counsel within fourteen (14) days after the production containing the material. The notice must identify the material by Bates number or other sufficient identifier, the privilege holder, and the basis for the claim without revealing privileged content. The deadline runs separately for each production.

3. Under Rule 502(d), production of material timely identified under paragraph 2 does not waive any applicable attorney-client privilege in this case or any other federal or state proceeding, regardless of the extent of preproduction privilege review.

4. Upon notice, the recipient must sequester the identified material and all copies; cease review, use, and disclosure pending resolution; and take reasonable steps to retrieve previously disclosed copies. The producing person must preserve the material until the claim is resolved.

5. Any person asserting or disputing privilege may seek a ruling, with disputed material submitted under seal pursuant to applicable procedures. The claimant retains the burden of establishing privilege. This Order does not determine whether privilege applies or who controls it, including the Trustee's rights concerning the Debtor's privilege.

###

Submitted by:
Thomas G. Zeichman, Esq. | Zeichman Law
2385 NW Executive Center Drive, Suite 300
Boca Raton, FL 33431
Telephone: (561) 467-6291 | tom@zeichmanlaw.com
Counsel for the Debtor

Thomas G. Zeichman must serve this Order on all parties entitled to notice and file a certificate of service as required by Local Rule 9036-2.